STATE of Iowa, ex rel. Carol SHOE-MAKER, as Next Best Friend to Danielle Fink, Kendra Fink, and Scott Fink, Petitioner–Appellee,

v.

David A. FINK, Respondent–Appellant.

No. 87–1143.

Court of Appeals of Iowa.

Sept. 28, 1988.

As Corrected Oct. 13, 1988.

Gordon D. Greta and Carol J. Greta of the Greta firm, Eldora, for respondent-appellant.

Thomas J. Miller, Atty. Gen., Gordon E. Allen, Deputy Asst. Atty. Gen., J. Livingston Dunkle, Asst. Atty. Gen., and Susan K. Geffe, Asst. County Atty., for petitioner-appellee.

Considered by OXBERGER, C.J., and SACKETT and HABHAB, JJ.

SACKETT, Judge.

The issue before us is whether Respondent–Appellant David A. Fink, a parent who shares joint physical custody of his children with his wife on an equal time basis, should be required to reimburse the State of Iowa for support paid to the children's mother when he has the children fifty percent of the time and provides fifty percent of their support.

Carol and David Fink had three children born in 1972, 1975 and 1977. When their marriage was dissolved in 1983 the parties agreed the children should reside with each parent fifty percent of the time and each parent would support the children when they were in their homes. Both parties have abided by this agreement. At the time of the dissolution both parties were employed. David is still employed and has a net disposable income of approximately $1,155.83 monthly. Carol lost her job and receives aid to dependent children in the amount of $443 monthly.

The State brings this action against David seeking reimbursement for amounts expended and contribution to future support.

David contends he had no obligation to reimburse the State because he is a joint physical custodian and a large percentage of his income goes to the children's support. The trial court found David had an obligation to reimburse the State and pay future support but fixed no amount of support. We agree that David has an obligation to reimburse the State. We remand to the trial court to enter an order fixing the amount of support.

This action is brought under section 252A.2(2) which provides in relevant part:

A parent in one state is hereby declared to be liable for the support of the parent's child or children under eighteen years of age ... whenever the other parent of such child or children ... is incapable of supporting such child or children, and, if the liable parent is possessed of sufficient means or able to

earn such means, the liable parent may be required to pay for the support of such child or children a fair and reasonable sum according to the parent's means, as may be determined by the court having jurisdiction of the respondent in a proceeding instituted under this chapter.

David complains Carol has not made a diligent effort to find work. He argues the State should not be allowed to grant Carol aid to dependent families when she has the children only fifty percent of the time. We commend David for the time, effort and support he contributes to his children. While we understand his frustrations with Carol not finding a job, that is not the issue. The issue is the children's need for support.

Our inquiry must focus on the right of the department, on behalf of these children, for support. *See State Department of Social Servs. v. Blakeman,* 337 N.W.2d 199, 203 (Iowa 1983). Both parents have an obligation to contribute to their children's support not necessarily equally as argued by David, but in accordance with their ability to pay. *In re Marriage of Carney,* 206 N.W.2d 107, 112 (Iowa 1973); *In re Marriage of Byall,* 353 N.W.2d 103, 108 (Iowa App.1984).

The fact that David has responsibility for the children half of the time and currently contributes a substantial portion of his income to their support does not relieve him from further support. However, these are factors the court should weigh with others in determining David's further support obligation.

We remand to the district court to make an order fixing support.

Appellate costs are taxed to David.

AFFIRMED AND REMANDED.