435 N.W.2d 749 (1988)
IOWA DEPARTMENT OF HUMAN SERVICES, ex rel. Sun GREENHAW, Mother of Saassha Celestial-One, Richard Winlock Stewart, and Kane Lennon Richardsun, Petitioner-Appellees,
v.
Richard Warren STEWART, Respondent-Appellant.
No. 88-128.
Court of Appeals of Iowa.
November 29, 1988.
*750 Mark H. Rettig, of Hines, Pence, Day & Powers, Cedar Rapids, for respondent-appellant.
Thomas J. Miller, Atty. Gen., Gordon E. Allen, Deputy Atty. Gen., and J. Livingston Dunkle, Asst. Atty. Gen. and Corenne M. Liabo, Cedar Rapids, for appellees.
Considered by OXBERGER, C.J., and SCHLEGEL and HAYDEN, JJ.
OXBERGER, Chief Judge.
The issues before the court are whether respondent-appellant Richard Warren Stewart, a parent who shares joint physical custody of his children with his wife equally, should be required: (1) to reimburse the State of Iowa for support paid to the children's mother when he has the children fifty percent of the time and provides fifty percent of their support; and (2) to pay future support for the children where the dissolution decree did not provide for child support to be paid but rather for each parent to cover the children's costs while in their care. The district court entered judgment against Richard for $3,879 reimbursement of past payments and $40 per child per week future support. We affirm.
The marriage of Richard Warren Stewart and Alisa (Sun) Greenhaw was dissolved in 1982. The dissolution decree incorporated the parties' stipulation (1) that a joint custody arrangement for their three children be set up, and (2) that neither Richard nor Sun would pay child support to the other, but each would support the children while he or she had physical care of them.
In 1984 Sun began receiving public assistance payments for the children. In 1987 the Iowa Department of Human Services filed an action pursuant to Iowa Code chapter 252A[1] (Uniform Support of Dependents Law) against Richard for reimbursement of the payments and for future support. The action was for reimbursement of only the payments made during 1987. The total amount of ADC paid to Sun during 1987 was $6,465. This amount was intended to support Sun, the three children of Sun and Richard and two other children of Sun. The judgment entered against Richard was for half of this amount, $3,879.
Richard's net income is between $40,000 and $50,000 per year. His salary in 1986 was $25,000 and in 1987 was $28,000. In addition, during 1986 and 1987 he received *751 bonuses in the amount of $30,000 per year. He was also $50 per month for serving on the Board of Directors of the corporation which employed him. Richard contends he has no obligation to reimburse the State because of the joint physical custody arrangement and because he already supports his children fifty percent of the time.
Sun has some employable skills but is not employed outside the home. She is a partner in a business called Sisterly Works. She makes a very modest income. In 1987 she made $900 plus $25 per month for rent for the use of her home in business.
Under section 252A.5(5) the State has the same right to support as the dependent for whom support was furnished. See Iowa Code § 252A.5(5) (1987). Section 252A.3(2) provides authority for the mother's entitlement to support in this case. This section provides in relevant part:
For the purpose of this chapter:
* * * * * *
2. A parent in one state is hereby declared to be liable for the support of the parent's child or children under eighteen years of age ... whenever the other parent of such child or children ... is incapable of supporting such child or children, and, if the liable parent is possessed of sufficient means or able to earn such means, the liable parent may be required to pay for the support of such child or children a fair and reasonable sum according to the parent's means, as may be determined by the court having jurisdiction of the respondent in a proceeding instituted under this chapter.
Iowa Code § 252A.3(2) (1987). An action such as this under chapter 252A is an independent "additional or alternative civil remedy" which does not "supersede any previous order of support issued in a divorce or separate maintenance action." Iowa Code §§ 252A.8 and 252A.6(15) (1987). The Uniform Support of Dependents Law (252A) does not require that the petitioner allege a change in circumstances since any prior dissolution support award. State Dep't of Social Servs. v. Blakeman, 337 N.W.2d 199, 203 (Iowa 1983). The court in Blakeman noted:
Our inquiry here must focus on the right of the department, on behalf of these children, to secure an order for future support without being required to show the circumstances considered by the court making the child support award in the prior dissolution case, and without the requirement to show a change in circumstances.
Id.
Both parents have an obligation to contribute to their children's support not necessarily equally but in accordance with their ability to pay. In re Marriage of Carney, 206 N.W.2d 107, 112 (Iowa 1973); In re Marriage of Byall, 353 N.W.2d 103, 108 (Iowa App.1984). The fact that Richard has responsibilities for the children half of the time and currently contributes a substantial amount toward their support does not relieve him from further support obligation. State ex rel. Shoemaker v. Fink, 432 N.W.2d 700 (Iowa App.1988).
We affirm the trial court order requiring Richard to reimburse the State in the amount of $3,879. We also affirm the order as to future support in the amount of $40 per child per week.
AFFIRMED.
NOTES
[1] The Department has proceeded in this case under the provisions of Iowa Code section 252A.5 which provides: "Whenever the State or a political subdivision thereof furnishes support to a dependent, it has the same right through proceedings instituted by the petitioner's representative to invoke the provisions hereof as the dependent to whom the support was furnished, for the purpose of securing reimbursement of expenditures so made and of obtaining continuing support." Iowa Code § 252A.5(5) (1985).