STATE of Iowa, IOWA DEPARTMENT OF SOCIAL SERVICES, ex rel., Gwen A. BLAKEMAN, Appellant,

v.

Harold A. BLAKEMAN, Appellee.

No. 68480.

Supreme Court of Iowa.

July 20, 1983.

Thomas J. Miller, Atty. Gen., Robert Huibregtse, Asst. Atty. Gen., and Christian R. Smith, Asst. County Atty., for appellant.

Harold A. Blakeman, pro se.

Considered by REYNOLDSON, C.J., and McGIVERIN, LARSON, SCHULTZ, and WOLLE, JJ.

REYNOLDSON, Chief Justice.

State of Iowa, Department of Social Services (department) commenced this action under Iowa Code chapter 252A (Uniform Support of Dependents Law) against the father (respondent) of three minor children. The petition sought reimbursement of $15,000 for public assistance already furnished, and continuing support "in the amount of $419.00 per month or for such greater or lesser amount as shall be deemed fair and reasonable." Trial court's decree awarded reimbursement of $1,141.76 and denied any increase in support over the amount fixed in a dissolution decree. The department appeals; the father cross-appeals from the $1,141.76 judgment. We affirm on the cross-appeal, reverse on the department's appeal, and remand.

The department's request for continuing support related to three minor children: Karen, born October 14, 1965; Kristine, born December 28, 1966; and Kent, born July 20, 1972. Paragraph three of the petition alleged the respondent father "has sufficient means or earning capacity to support the above named dependents," and, in paragraph four, that public support had been furnished since January 18, 1974. Respondent's answer admitted the above allegation in paragraph three and denied paragraph four.

The inadequate record made on the trial of this case disclosed the marriage between respondent and the children's mother was dissolved in 1973. Pursuant to a stipulation and agreement, the mother was granted custody of four children. Despite the fact respondent was earning $350 per week at a John Deere plant, he was only required to pay a total child support of $25 per week for all four children. In addition, he was required to keep up the mortgage payment ($145 per month), real estate taxes ($700 per year), and insurance ($150 per year) on the home owned by the parties. The mother and children were to reside in this home until the children became adults, at which time it was to be sold and the proceeds divided. This residence was eight years old when respondent and his wife purchased it in 1969 for $20,900. Respondent testified it was worth $55,000 at time of trial.

Respondent further testified that at various times following the marital dissolution he was on strike or ill, during which times he sometimes missed mortgage payments. Other testimony disclosed the department provided funds for these payments and a real estate tax installment. The parties stipulated these payments totaled $1,141.76, and further stipulated the mother received ADC in the sum of $419 per month for herself and the three children remaining in the home, in addition to food stamps, medical and other benefits.

During the testimony department's trial counsel dropped the claim for assistance already furnished with the exception of this sum of $1,141.76. This waiver, it was made plain, only applied to amounts of past support furnished by the department and did not extend to any child support payments delinquent under the dissolution action.

Respondent admitted he was currently earning $500 per week at the John Deere plant. Aside from the obligations above mentioned, he pays $59 per week on a car loan and rents a house for $160 per month. Of course, a portion of his monthly house mortgage payments increases his equity in the residence property.

Trial court concluded that under the doctrine of *State ex rel. Brecht v. Brecht,* 255 N.W.2d 342 (Iowa 1977), there could be no modification of respondent's support obligation absent showing of a material change of circumstances, and that no such change was alleged in the petition nor satisfactorily shown by the evidence. Accordingly, the court decreed that department's "application for modification of support is denied."

Appealing, the department first asserts there was no chapter 252A requirement that it show a change of circumstances, and even assuming there were, such a change was disclosed by the evidence. Respondent has filed no brief.

I. This case is in equity, Iowa Code section 252A.6(1), and our review is de novo. Iowa R.App.P. 4. Especially when considering the credibility of witnesses, we give weight to trial court's fact-findings, but are not bound by them. Iowa R.App.P. 14(f)(7).

The department, represented by an assistant Dubuque County attorney attached to the child support recovery unit, see Iowa Code ch. 252B, brought this action under the provisions of Iowa Code chapter 252A. It was undisputed that the department furnished ADC for the benefit of respondent's children for several years. This cause of action thus lies under the provisions of Iowa Code section 252A.5(5):

> Whenever the state or a political subdivision thereof furnishes support to a dependent, it has the same right through proceedings instituted by the petitioner's representative to invoke the provisions hereof as the dependent to whom the support was furnished, for the purpose of securing reimbursement of expenditures so made and of obtaining continuing support . . . .

The obligation to support these children is found not only in the definition of "dependent," see section 252A.2 coupled with Iowa Code sections 597.14, 726.5, and Gerk v. Gerk, 259 Iowa 293, 297, 144 N.W.2d 104, 107 (1966), but in Iowa Code section 252A.3(2):

> A parent in one state is hereby declared to be liable for the support of his . . . children under eighteen years of age residing . . . in the same state . . . whenever the . . . mother . . . is incapable of supporting such . . . children, and, if the liable parent is possessed of sufficient means or able to earn such means, he . . . may be required to pay for the support of such . . . children a fair and reasonable sum according to his . . . means, as may be determined by the court having jurisdiction of the respondent in a proceeding instituted under this chapter.

Iowa Code section 252A.4(2) relevantly provides:

> The court of the responding state shall have the power to order the respondent to pay sums sufficient to provide necessary food, shelter, clothing, care, . . . expenses of education of a child, . . . and such other reasonable and proper expenses of the petitioner as justice requires, having due regard to the circumstances of the respective parties.

A "responding state" is defined simply as the state "wherein the respondent resides or is domiciled or found." Iowa Code § 252A.2(10). Further:

> Any order of support issued by a court of the state acting as a responding state shall not supersede any previous order of support issued in a divorce or separate maintenance action, but the amounts for a particular period paid pursuant to either order shall be credited against amounts accruing or accrued for the same period under both.

Iowa Code § 252A.6(15).

Finally, the Uniform Support of Dependents Law (Iowa Code chapter 252A) makes clear the remedy provided is an independent one:

> This chapter shall be construed to furnish an additional or alternative civil remedy and shall in no way affect or impair any other remedy, civil or criminal, provided in any other statute and available to the petitioner in relation to the same subject matter.

Iowa Code § 252A.8.

The above statutes were quoted in Moore v. Moore, 252 Iowa 404, 107 N.W.2d 97 (1961), where a respondent father in a chapter 252A proceeding argued the Iowa court had no power to order child support of $65 per month when an Illinois court had awarded only $50 in the divorce decree. Holding the uniform support court could make an independent determination, this court wrote:

> [T]he legislature was cognizant that another order may have been made elsewhere. It provided the order for support made by the court in this proceeding should not supersede any other order already made, but that any sum paid should

be credited on both allowances. This provision would not be necessary if the court of the responding state is merely a collection agency to gather sums due under the previous order; the application of them to the former judgment would then be automatic. While the language on this point might be clearer, we think a reasonable interpretation of the entire Act fairly shows that it was intended to give an additional remedy, in the application of which the respond[ing] court *might make its own determination of the needs of the petitioning party and make such order as justice might require.*

*Id.* at 411, 107 N.W.2d at 100–01 (emphasis added). We later described *Moore* as holding "this court . . . could make its own determination as to the amount of the support payments needed, after a hearing in Iowa, because the statute provided for such a remedy in addition to others available when jurisdiction was secured." *Beneventi v. Beneventi,* 185 N.W.2d 219, 223 (Iowa 1971).

The general rule appears to be that to the extent the prior decree is not final, the uniform support court may make a new decree for a different amount. H. Clark, *Law of Domestic Relations* § 6.6, at 210 (1968). The majority of jurisdictions hold under uniform support acts that the support award of the responding state does not affect the original order of support except to the extent that payments on either order must be credited to the other, *see* Iowa Code § 252A.6(15), nor is there any limitation on the ability of the responding state to order support payments in excess of the original order. *See Sheres v. Engelman,* 534 F.Supp. 286, 293–94 (S.D.Tex.1982); *Ainbender v. Ainbender,* 344 A.2d 263, 265 (Del.Super.Ct.1975) ("[T]he court of the responding state [has] the power to issue an independent future order fixing a different amount of support from that set by the court of the initiating state."); *Despain v. Despain,* 78 Idaho 185, 190, 300 P.2d 500, 503 (1956); *Banton v. Mathers,* 159 Ind. App. 634, 640–42, 309 N.E.2d 167, 171–72 (1974) ("These [uniform] support orders did not modify or supersede the support provi-

sions of the original divorce decree. . . . It is a remedy that is completely separate and apart."); *Commonwealth v. Byrne,* 212 Pa. Super. 566, 569, 243 A.2d 196, 197 (1968); *Davidson v. Davidson,* 66 Wash.2d 780, 786, 405 P.2d 261, 264 (1965) ("The reciprocal support acts of California and of Washington may be invoked by an ex-wife to compel the appearance of her ex-husband in the court of the responding state to determine her rights and need of support, and his 'duty of support,' if any; and this without reference to any amount indicated or obligation, if any, to pay the same under the divorce decree."). A different rule applies in Ohio and Vermont, based on unusual statutory provisions requiring the uniform support decrees to conform to the amount of support allowed in the other action or proceeding. *County of San Diego v. Elavsky,* 58 Ohio St.2d 81, 85, 388 N.E.2d 1229, 1232 (1979); *Bushway v. Riendeau,* 137 Vt. 455, 463–64, 407 A.2d 178, 182 (1979).

■ II. The department brought this case on behalf of the children's mother as petitioner. This was a nonfatal error correctable on remand by substituting the names of the children. *State ex rel. Warren v. Mahan,* 329 N.W.2d 673, 674 (Iowa 1983). In *Stearns v. Kean,* 303 N.W.2d 408, 412 (Iowa 1981), we pointed out:

An action under 252A is commenced by a "petitioner" or a "petitioner's representative" who files a verified petition in a court of equity alleging need for and entitlement to support. § 252A.6(1). A "petitioner" is defined as a dependent person for whom support is sought, § 252A.2(5), and a "petitioner's representative" includes a state or county attorney, or other public official, charged with the duty of instituting, maintaining, or prosecuting a proceeding under 252A. § 252A.2(7). The statutory definition of a petitioner's representative does not refer to the mother of a dependent child. The reason for this may be the interests the mother may have in conflict with those of the dependent and the state . . . .

Of course, under Iowa Code section 252B.6(3), the department's child support recovery unit may appear on behalf of the resident parent of children for whom public support is being provided in a proceeding to modify a dissolution decree, but only if the resident parent requests it and is unable to employ legal counsel or retain free legal counsel. *See In re Marriage of Stutsman,* 311 N.W.2d 73, 75 (Iowa 1981).

Our inquiry here must focus on the right of the department, on behalf of these children, to secure an order for future support without being required to show the circumstances considered by the court making the child support award in the prior dissolution case, and without the requirement to show a change in those circumstances.

At the outset it should be noted Iowa Code section 252A.6 prescribes what the chapter 252A petition must allege. Contrary to trial court's conclusion in this case, it does not require that the petitioner allege a change of circumstances since any prior dissolution support award. This is entirely consistent with Iowa's uniform act, which makes plain it is providing an independent "additional or alternative civil remedy," § 252A.8, not "supersed[ing] any previous order of support issued in a divorce or separate maintenance action." § 252A.6(15). These provisions are inconsistent with any concept that the action is one to modify a prior dissolution support award. Further, although chapter 252A contains many provisions contemplating court interaction across state lines, it clearly permits these proceedings to be maintained even "[w]here the petitioner and the respondent are residents of or domiciled or found in the same state." Iowa Code § 252A.5(1). There is no authority in chapter 252A to judicially engraft special procedures for state residents different from those mandated for all litigants.

Where the question has been squarely presented under statutes similar to Iowa's, other jurisdictions have held an order for support may be made without showing a change of circumstances from those prevailing when an unrelated support order was

entered. *See County of Stanislaus v. Ross,* 41 N.C.App. 518, 521–22, 255 S.E.2d 229, 231 (1979); *Jaramillo v. Jaramillo,* 27 Wash. App. 391, 394–95, 618 P.2d 528, 529–30 (1980); *Maine, Department of Human Services v. Horton,* 99 Mich.App. 90, 92, 297 N.W.2d 622, 623 (1980) (uniform support award made without reference to circumstances at time of prior unrelated order). If this were not the law and if the mother were absent or uncooperative, it would be impossible in many situations for the supporting public agency to prove the circumstances at the time of the prior dissolution award of child support, an indispensable foundation for showing a change of circumstances.

The department points out the 1973 dissolution stipulation for child support must have been made in contemplation of the mother applying for ADC in January 1974. The mother's neutrality in the present proceeding, implicit in the record, lends some credence to this conjecture. The department further suggests that if the ADC program had not been made available to support these children, the mother long ago would have moved to modify respondent's support obligation.

 It is true, of course, that cases like this ordinarily will not arise if the dissolution court rigorously evaluates the child support provisions of the stipulation to protect the children, exercising the state's duty as parens patriae. *See In re Wardle,* 207 N.W.2d 554, 556 (Iowa 1973); *In re McDonald,* 201 N.W.2d 447, 453 (Iowa 1972). A father cannot be relieved from the duty to support his minor children by the agreement of the mother. *Addy v. Addy,* 240 Iowa 255, 259, 36 N.W.2d 352, 355 (1949), *overruled in part, Brown v. Brown,* 269 N.W.2d 819, 821–22 (Iowa 1978). Parental agreements that have the effect of making their children a public charge cannot be countenanced. *Anthony v. Anthony,* 204 N.W.2d 829, 833 (Iowa 1973).

 At least in the circumstances of this case, when the action is initiated by the department, we hold it should not be required to prove the circumstances underly-

ing the prior award, nor any change in circumstances. The specific language of the act, quoted above, obviates any necessity to grapple with issues of res judicata or preclusion. The uniform act court may award more or less support than the dissolution court, *Jaramillo,* 27 Wash.App. at 397, 618 P.2d at 530, but of course the provisions of the dissolution court award are not superseded and any amounts paid under the uniform support award are credited against both. Iowa Code § 252A.6(15).

Any language in *Brecht,* 255 N.W.2d 342, conflicting with this opinion is superseded. There was ample support for the *Brecht* holding in our finding that the department "made no showing of what the children's necessaries were, of [the father's] ability to pay them, or even of his refusal to pay for them." *Id.* at 346. The appropriate precedent for the case before us is *Moore,* 252 Iowa 404, 107 N.W.2d 97.

■ III. In our de novo review we turn to the question of the support award to be made. Under the record made below, respondent is earning approximately $26,000 per year and paying about $3900 per year to support the three school age children still in the home. He is single and has no other dependents. His debts, with the exception of the house mortgage, are minimal. The state is supporting his children to the extent of $5,674.47 in 1981 and at an annual rate of $7,038.20 in 1982. Although skimpy, the record will support an award of $35 per week for the support of each child until he or she attains the age of eighteen. These payments will more than fulfill his support payment obligation under the dissolution decree, when also credited there pursuant to Iowa Code section 252A.6(15). Of course the dissolution decree will continue to mandate his payments on the house mortgage, taxes, and insurance. We remand to the district court for a decree in conformance with this holding. The judgment for past support is affirmed.

REVERSED ON APPEAL; AFFIRMED ON CROSS–APPEAL; AND REMANDED.