STATE of Iowa, ex rel. Penny L.
FOLEY, Petitioner-Appellant,

v.

Dennis D. HEREID,
Respondent-Appellee.

No. 84–1085.

Court of Appeals of Iowa.

April 30, 1985.

E. Dean Metz, Des Moines, Child Support Recovery Unit, for petitioner-appellant.

Donald G. Senneff of Shaff, Farwell & Senneff, Clinton, Iowa, for respondent-appellee.

Heard by OXBERGER, C.J., and SCHLEGEL, and HAYDEN, JJ.

SCHLEGEL, Judge.

Plaintiff, State of Iowa, brought an action under Iowa Code chapter 252A re-questing that defendant, Dennis Hereid, be required to pay support for one of his children. The State appeals the trial court's ruling that Dennis should not be required to pay support. We affirm.

Dennis is the father of three children. Under the terms of a 1977 marriage dissolution decree Dennis has custody of the two elder children, both boys. The youngest child, a girl, is in the custody of Dennis's ex-wife, Penney. The dissolution decree did not require either parent to pay child support to the other.

Although Penney was employed for a time after the divorce, she quit her job to spend more time with her daughter. Since then, Penney has received ADC payments and other public assistance. Because Penney has received ADC payments, the State brought this action pursuant to Iowa Code subsections 252A.3(2) and .5(5). This case is in equity and our review is de novo. *State ex rel. Blakeman v. Blakeman,* 337 N.W.2d 199, 201 (Iowa 1983) We give weight to the trial court's findings of fact, but are not bound by them. Iowa R.App.P. 14(f)(7).

The State asks that we disregard the trial court's ruling that Dennis cannot afford to pay support, and order Dennis to pay support in the amount of $35 per week. We do not believe that such action is appropriate in this case.

■ Our analysis begins with the Iowa Code. Section 252A.3(2) provides in part:

A parent in one state is hereby declared to be liable for the support of his ... children under eighteen years of age residing ... in the same state ... whenever the ... mother ... is incapable of supporting such ... children, and, *if the liable parent is possessed of sufficient means or able to earn such means, he ... may be required to pay for the support of such ... children a fair and reasonable sum according to his ... means,* as may be determined by the court having jurisdiction of the respondent in a proceeding instituted under this chapter.

(Emphasis added). It is clear from this section that while a parent has an obligation to support his children, any order for support payments must take into account the parent's ability to pay. Thus, if Dennis cannot afford to make support payments, we should affirm the trial court.

■ The record supports the finding that Dennis was not able to pay support at the time of trial. Dennis's financial statement showed that when he worked 40 hours a week his take home pay was $1,205 per month. His monthly expenses of $1,417 exceeded his pay. In addition, at trial Dennis testified that he expected to be working fewer than 40 hours a week because of a plant slow-down and lay-offs. The record also shows that Dennis spends virtually no money for entertainment.

The State has not disputed any portion of Dennis's financial statement. It did make vague suggestions at oral argument, however, that Dennis should somehow pay less for his debt so that he could pay support for his daughter. That argument ignores the bad effects that bankruptcy or chronic nonpayment of debts would have upon the welfare of the two children in Dennis's custody.

It may be true, as the trial court indicated in its ruling, that Dennis could have supported all three children if they had been in his custody. If he had had custody of his daughter, however, his past decisions which created his large debt probably would have been different. But such speculation is irrelevant. The record made at trial supports the trial court's finding that Dennis could not afford to pay child support.

AFFIRMED.