STATE of Iowa, ex rel. IOWA DEPARTMENT OF HUMAN SERVICES, Connie Uebler, Debbie Uebler, and Clarence Uebler, Petitioner–Appellant,

v.

Jay UEBLER, Respondent–Appellee.

No. 86–1870.

Court of Appeals of Iowa.

Oct. 28, 1987.

Joseph A. Nugent, Des Moines, for respondent-appellee.

Thomas J. Miller, Atty. Gen., Mark Haverkamp, Asst. Atty. Gen., and Charles J. Maurer III, Asst. Co. Atty., for petitioner-appellant.

Considered by OXBERGER, C.J., and HAYDEN and SACKETT, JJ.

SACKETT, Judge.

In this appeal we address the issue whether a child support order entered under Iowa Code chapter 252A, The Iowa Uniform Support of Dependents Law, on the State's petition is superseded by a subsequent child support order entered in a dissolution action to which the State was not a party. We determine the chapter 252A child support order is not superseded by the support order in the dissolution decree. We reverse the trial court.

The Iowa Department of Human Services, on its own behalf, filed a petition against Appellee Jay W. Uebler stating appellee's wife and children had been receiving public assistance from the State of Iowa. The State sought reimbursement for past support and an order for future support. Appellee was served with original notice of the action but did not appear. On August 13, 1984, an order was entered directing appellee to pay child support of $300 per month commencing September 1, 1984. The order also provided for payment of back support and spousal support. This appeal deals only with the child support award.

The child support was not timely paid. On August 26, 1986, an order for mandatory withholding from appellee's wages was entered. Appellee filed a motion to quash the order contending on March 31, 1986, an order was entered in a dissolution action between him and his wife, the mother of his children. The dissolution decree provided for child support of $200 per month. Appellee contended the dissolution order superseded the chapter 252A order and after the date of the dissolution decree his child support was limited to $200 per month. The district court agreed with appellee that the dissolution decree superseded the chapter 252A order and terminated the 252A child support order as of March 31, 1986, the date of the filing of the dissolution decree.

The State appeals contending (1) the dissolution order did not supersede the chapter 252A order and (2) because the State was not made a party in the dissolution action it is not bound thereby. We agree with the State on both issues. Section 252A.8 provides:

This chapter shall be construed to furnish an additional or alternative civil remedy and shall in no way affect or impair any other remedy, civil or criminal, provided in any other statute and available to the petitioner in relation to the same subject matter.

The Iowa court has held this section makes it plain the relief available under chapter 252A is an independent, additional or alternative civil remedy not superseding any previous support order issued in a divorce or separate maintenance action. *See State ex rel. Blakeman v. Blakeman,* 337 N.W. 2d 199, 203 (Iowa 1983). In a chapter 252A action the court may award more or less support than is awarded in the dissolution decree. *Blakeman,* 337 N.W.2d at 204. Any amounts paid under the uniform support award are credited against both the dissolution and uniform support awards. *Id.*

Appellee argues the holding in *Blakeman* is limited to chapter 252A actions filed *after* dissolution decrees have been entered. We disagree. In interpreting chapter 252A the court has pointed out one parent cannot be relieved from his or her duty to support his or her children by the agreement of the other parent. *Blakeman,* 337 N.W.2d at 203. Parental agreements making children a public charge cannot be countenanced. *Anthony v. Anthony,* 204 N.W.2d 829, 833 (Iowa 1973). In *State ex rel Iowa Department of Social Services v. Barnes,* 379 N.W.2d 377, 378–79 (Iowa 1986), a wife's agreement, approved by the trial court, to waive future child support payments from the husband was held not to preclude the entry of a subsequent judgment against the husband for child support under chapter 252A where the children were receiving aid to dependent children benefits.

The State initiated the chapter 252A action. The State was not a party to the dissolution action. The mother could not in the dissolution contract away her spouse's child support obligation. *See Anthony,* 204 N.W.2d at 833. The children's right to

receive support under chapter 252A was not superseded by the dissolution decree. The chapter 252A order providing for support of $300 per month remains in effect. We reverse the trial court.

REVERSED.

SNELL, J., takes no part.