STATE of Iowa, ex rel., DEPARTMENT OF HUMAN SERVICES, On Behalf of Katherine, Destiny, and Candice MICOU, Appellee,

v.

**Darryl MICOU, Appellant.**

**No. 92–656.**

Court of Appeals of Iowa.

March 30, 1993.

Carter Stevens of Beecher, Rathert, Roberts, Field, Fister, Walker & Morris, Waterloo, for appellant.

Bonnie J. Campbell, Atty. Gen., John Parmeter, Special Atty. Gen., and Kay Delafield, Asst. Atty. Gen., for appellee.

Heard by OXBERGER, C.J., and DONIELSON and SCHLEGEL, JJ.

DONIELSON, Judge.

Katherine and Darryl Micou are the parents of two minor children: Destiny, born in 1984; and Candice, born in 1987. In December 1988, Katherine first applied for ADC benefits. In January 1989, the department of human services (DHS) filed a petition for past and future child support against Darryl. In March 1989, a default judgment was entered against Darryl. Darryl was ordered to pay child support in the amount of $340 per month commencing from December 1988.

In November 1989, the district court entered a decree dissolving the marriage of Darryl and Katherine. The court awarded the parties joint custody of the two children with Katherine receiving physical custody. The district court ordered Darryl to pay child support in the amount of $40 per week.

On November 2, 1990, Darryl filed an application for contempt and for modification of the parties' dissolution decree. A copy of the application was served upon Katherine but she failed to appear. No notice was given to DHS.

On December 12, 1990, Darryl was found to be in contempt of court for failing to pay his prior support obligation. Commencing December 1, 1990, Darryl was required to

pay the sum of $100 per month towards his obligation. The court further provided Darryl would not be relieved of the $394 monthly support obligation until he had obtained modification and/or paid the amounts due.

On December 14, 1990, the court entered a default judgment on Darryl's application for modification. The court modified the decree of dissolution, placing the children in Darryl's physical custody and terminating Darryl's child support obligation.

On January 2, 1992, Darryl filed motions seeking to quash the judgment lien which had been building against Darryl since December 1990, and to review his child support obligation. Following a hearing, the district court found that, although Darryl was given physical custody in the December 1990 order, the two children spent most of their time in the physical custody of Katherine's mother (with whom Katherine resided). The court also found DHS was a party to the support order and should have received notice of Darryl's November 2, 1990, application for modification. The district court therefore found the December 14, 1990, order was void, and the prior child support orders entered were not superseded by the December 14, 1990, order. The district court denied Darryl's motions to quash the judgment lien and to review the child support obligation. Darryl then filed a rule 179(b) motion asking the court to reconsider its ruling. The district court overruled the motion in its entirety.

Darryl now appeals. He contends the district court erred in not quashing the judgment lien retroactive to the date of modification of child custody. He also contends the district court erred by not quashing his current child support obligation.

Our review is de novo. *Gilley v. McCarthy*, 469 N.W.2d 666, 667 (Iowa 1991); Iowa R.App. P. 4. We give weight to the fact findings of the trial court, especially when considering the credibility of witnesses. Iowa R.App.P. 14(f)(7). We are not bound by these determinations, however. *Id.*

**I.  *Whether the District Court Erred in Not Quashing Darryl's Judgment Lien.***

Darryl first contends the district court erred in denying his motion to quash the judgment lien which had been building against Darryl since December 1990. Specifically, Darryl argues he should not be required to pay support because the December 14, 1990, order modified the decree and awarded him physical custody. Therefore, he contends Katherine is the person legally responsible for support.

Iowa Code chapter 252A secures support in civil proceedings for dependent spouses and children from persons "legally responsible" for their support. Iowa Code § 252A.1 (1991). It was under this chapter that DHS obtained the orders which established Darryl's support obligation. Iowa Code section 252A.8 (1991) provides:

> This chapter shall be construed to furnish an additional or alternative civil remedy and shall in no way affect or impair any other remedy, civil or criminal, provided in any other statute and available to the petitioner in relation to the same subject matter.

██  However, if DHS is not given notice of a subsequent child support order which is entered in a dissolution action (such as the December 14, 1990, modification), the relief available under chapter 252A will be unaffected. *State ex rel. Dep't of Human Servs. v. Uebler*, 417 N.W.2d 224, 225 (Iowa App.1987). Iowa Code section 598.-21(8) (1991) specifically provides:

> A modification of a support order entered under chapter 252A, chapter 675, or this chapter between parties is void unless the modification is approved by the court, after proper notice and opportunity to be heard is given to all parties to the order, and entered as an order of the court. *If support payments have been assigned to the department of human services pursuant to section 239.3, the department shall be considered a party to the support order.*

(Emphasis added.)

Here, DHS did not receive notice of Darryl's application for modification which led to the December 14, 1990, order. Based upon the above language in section 598.-

21(8), the district court found the December 14, 1990, order to be void.

However, the December 14, 1990, modification proceeding involved questions of both child support and physical custody. Because section 598.21(8) only addresses modification of support orders, Darryl contends this section does not apply to a modification of custody order. We find it is not necessary to address this issue.

■ Under chapter 252A, the determination of legal physical custody is not the controlling factor in identifying the person who will be "legally responsible" for support. *See* Iowa Code § 252A.3 (1991). In other words, even if Darryl were found to be the legal physical custodian, he still may be held accountable for support under chapter 252A. Here, the children spent four to five nights a week with their mother in the maternal grandmother's home. The children did not spend a majority of their time with Darryl. Therefore, even if the custody order was valid, it could not have superseded Darryl's prior obligation to provide support for his children under chapter 252A.

We decline to determine whether section 598.21(8) requires notice be given to DHS in proceedings involving modification of child custody. However, as a modification involving physical custody most likely will affect a support order entered under chapter 252A, it appears only sensible that such notice be given by the party seeking modification.

■ However, because no notice was given to DHS, the December 14, 1990, order had no legal effect on the chapter 252A support obligation. To modify Darryl's support obligation, notice must be given to DHS under section 598.21(8). The fact Darryl may have been the legal physical custodian is not controlling. Therefore, the district court did not err in denying Darryl's motion to quash the judgment lien.

■ **II. *Whether the District Court Erred in Denying Darryl's Motion to Review His Current Child Support Obligation.*** Darryl also contends the district court erred in failing to quash his current child

support obligation which was entered under chapter 252A. It is unclear whether Darryl requests his support obligation be modified retroactively or from the time of the hearing.

However, regardless, we find the district court properly denied Darryl's motion to review his current child support obligation. Because DHS was not given notice under section 598.21(8), the December 14, 1990, order regarding child support was void. Furthermore, the unique facts of this case demand Darryl's support obligation be sustained. The children currently spend most evenings and nights with their mother at the home of their maternal grandmother. They are in the physical custody of Darryl on weekends and in the early evening hours. Under these circumstances, Darryl continues to be a person legally responsible for the support of his children. *See* Iowa Code § 252A.3 (1991). We affirm the district court on this issue.

The costs of this appeal are taxed to Darryl.

For the reasons stated, we affirm the judgment of the district court.

**AFFIRMED.**