**STATE of Iowa ex rel. Gloria A. PHIPPS, Appellant,**

v.

**Duane Eldon PHIPPS, Appellee.**

No. 92–255.

Supreme Court of Iowa.

July 21, 1993.

Bonnie J. Campbell, Atty. Gen., John M. Parmeter, Sp. Asst. Atty. Gen., Kay Delafield, Asst. Atty. Gen., and Sandra Wagner, Asst. County Atty., for appellant.

Duane Eldon Phipps, pro se.

Considered by McGIVERIN, C.J., and SCHULTZ, LAVORATO, NEUMAN, and ANDREASEN, JJ.

ANDREASEN, Justice.

On January 13, 1978, the State of Iowa, on behalf of a dependent child, filed a petition under the Uniform Support of Dependents Law, Iowa Code ch. 252A (1977), against the child's father. The father, Duane Eldon Phipps, acknowledged he was the father of the child, Kelli Phipps, who was born on October 26, 1969. He stipu-

lated with the State that he would pay $200 per month child support commencing March 1978 and that he would reimburse the State $1100. On February 24, 1978, District Judge Phillip R. Collett approved the stipulation agreement and entered an order and judgment in accordance with its terms. The order provided that the support would be payable each month until there is a reconciliation in the marriage of the parties or until further order of the court. An assignment of support payments to the Iowa Department of Human Services was filed with the clerk of court. *See* Iowa Code § 252A.13.

On January 13, 1992, Duane Phipps made an oral application to terminate the support order and to vacate the support judgment. Without notice to any party, District Judge Richard J. Vogel decreed that the child support order was vacated on December 15, 1978, by the decree entered in a dissolution of marriage proceeding. The dissolution decree provided, among other things, that Duane Phipps shall not be responsible for child support. The State appealed from the decree and judgment. We reverse and remand.

## I. *Standard of review.*

 A proceeding under chapter 252A is an equitable proceeding. Iowa Code § 252A.6(1) (1991). Our review is de novo. Iowa R.App.P. 4; *Iowa Dep't of Social Servs. v. Blakeman,* 337 N.W.2d 199, 201 (Iowa 1983).

## II. *Issue raised.*

On appeal, the State argues the court's order, entered after oral application made *ex parte* by Phipps, denied the State its constitutional rights to notice and an opportunity to be heard. Phipps did not file an appellee's brief and argument.

The district court, in its order finding the support decree had been vacated, stated the same parties in the chapter 252A support proceedings were in the dissolution of marriage proceeding. This suggests the court believed all parties had notice and an opportunity to be heard in the dissolution of marriage proceeding and that no further

notice or hearing was necessary in the chapter 252A proceeding. We disagree.

## III. *Discussion.*

Iowa Code section 252A.5(5) provides in part:

Whenever the state ... furnishes support to a dependent, it has the same right through proceedings instituted by the petitioner's representative to invoke the provisions hereof as the dependent to whom the support was furnished, for the purpose of securing reimbursement of expenditures so made and of obtaining continuing support....

 Chapter 252A furnishes an additional or alternative civil remedy. Iowa Code § 252A.8. Here, the caption of the petition states the action was brought on behalf of the mother, Gloria A. Phipps. This is a nonfatal error correctable on remand by substituting the child's name. *Blakeman,* 337 N.W.2d at 202. Because chapter 252A provides an independent remedy, relief under chapter 252A is not superseded by a subsequent dissolution of marriage or separate maintenance order. *State ex rel. Dep't of Human Servs. v. Uebler,* 417 N.W.2d 224, 225 (Iowa App. 1987). Nor does a dissolution decree releasing a parent from future child support preclude the State from bringing a chapter 252A proceeding seeking reimbursement for ADC payments made to a dependent child and for child support payments in the future. *State ex rel. Iowa Dep't of Social Servs. v. Barnes,* 379 N.W.2d 377, 379 (Iowa 1986). The State is entitled to recover in its own right without regard to the terms of support orders affecting the rights and obligations of the parents. *State ex rel. Dep't of Human Servs. v. Flo,* 477 N.W.2d 383, 384 (Iowa 1991).

 It is the statutory duty of the State as petitioner's representative to appear and represent the petitioner in every proceeding under chapter 252A. Iowa Code § 252A.7. The State is a party in a chapter 252A action and is entitled to no-

tice.[1] *State ex rel. Dep't of Human Servs. v. Micou,* 500 N.W.2d 89, 92 (Iowa App. 1993). A modification order under chapter 598 has no legal effect on a chapter 252A support obligation if notice is not given to DHS.

IV. *Disposition.*

■ Because the State was not notified of Phipps' application to the court and given an opportunity to resist it, the January 13, 1992 order cannot stand. We reverse the court's order and remand for hearing on the application after notice to the parties.

**REVERSED AND REMANDED.**

---

1. The State (DHS) is considered a party to a support order in a modification of support pro-

ceeding if the support payments have been assigned to DHS. Iowa Code § 598.21(8) (1985).