**IOWA DEPARTMENT OF HUMAN SERVICES ex rel. Sun GREENHAW, Mother of Saasha Celestial–One, Richard Winlock Stewart, and Kane Lennon Richardsun, Appellant,**

v.

**Richard Warren STEWART, Appellee.**

No. 96–706.

Supreme Court of Iowa.

May 28, 1998.

Thomas M. Gillespie, Cedar Rapids, for appellant.

Mark H. Rettig of Hines, Pence, Day & Powers, P.C., Cedar Rapids, for appellee.

Thomas J. Miller, Attorney General, Diane Stahle, Special Assistant Attorney General, Michael J. Parker, Assistant Attorney General, and Corenne M. Liabo, Assistant County Attorney, for amicus curiae State of Iowa.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, NEUMAN, and TERNUS, JJ.

LARSON, Justice.

The State of Iowa, acting through a child support recovery unit, attempted to use the child support recovery provisions of Iowa Code chapters 252A and 252B (1993) to modify a prior order that required a father to pay $40 per week for each of three children. The State's petition alleged that the amount of support was inadequate under our child support guidelines. The district court dismissed the petition on the ground that the court lacked subject matter jurisdiction. On this appeal, the father asserts a lack of *appellate* jurisdiction because the children's mother, who had filed the appeal, lacked standing. The State appeared amicus curiae and supported the mother's claim of error. We reject the father's standing argument, and we also reject the district court's reasoning for dismissal of the petition. We reverse and remand for further proceedings.

## I. *The Facts.*

Alisa ("Sun") Greenhaw and Richard Stewart are the parents of three children: Saasha, born on September 3, 1976; Richard Winlock, born on October 1, 1978; and Kane, born on July 13, 1981. (Saasha is no longer a dependent child, and she is not involved in this appeal. Sun has children from other relationships, and they also are not involved in this appeal.)

Sun and Richard's common-law marriage was dissolved by a decree of July 22, 1982. The decree incorporated a stipulation by the parties, which provided in part that "[b]y mutual agreement, child care will be split equally by hours within a two week period." The stipulation further provided:

> The parent who is providing the child care shall provide food, clothing, and shelter for the minor children during the time the children are in their physical care and will bear the cost of the same. The medical expenses of the minor children shall be divided as agreed upon by the parties. The educational expenses of the minor children shall be divided as agreed upon by the parties. The parties anticipate that the minor children will be spending an equal amount of time with each parent and each parent will be providing for the needs of the children when they are in their physical care. *No other award of child support shall be paid from one party to the other.*

(Emphasis added.)

In July 1986 Sun attempted to modify the dissolution decree to eliminate joint physical care and require Richard to pay child support. The court found that Sun had not shown a substantial change in circumstances and denied her application. The court also denied a modification application by Richard on grounds not involved in this appeal.

On Sun's request, in January 1988, the Iowa Department of Human Services filed a petition for support under Iowa Code chapters 252A and 252B (1985). The petition stated that the parties' children were receiving public assistance through aid to dependent children and that Richard had not provided reasonable support. The court ordered Richard to pay $40 per week for each of his children and ordered him to maintain medical insurance for them. The court also ordered Richard to pay $3879 to the department of human services to reimburse it for

the ADC funds paid for the children. Richard appealed.

The court of appeals affirmed this order in *Iowa Department of Human Services ex rel. Greenhaw v. Stewart*, 435 N.W.2d 749 (Iowa App.1988). The issues in that appeal were (1) whether Richard could be required to reimburse the state for support paid by the state when Richard had the children half of the time and provided half of their support, and (2) whether Richard had a future child support obligation when the dissolution decree had provided that none would be payable. The court of appeals answered both questions adversely to Richard: he was required to reimburse the state for its past support, and he was ordered to pay future child support despite the fact that the dissolution decree provided for none. *Stewart*, 435 N.W.2d at 751.

In March 1993 Sun requested the child support recovery unit to review the $40 per week child support order that the court of appeals had approved in 1988. Based on this request and the authority of Iowa Code section 252B.5(7), the State filed a "Petition for Review and Adjustment of Child Support Obligation" in December 1993. The petition asserted that Richard's "child support obligation deviates from the child support guidelines to the extent that a substantial change of circumstances exists." Evidence in the district court showed that Richard's income during the previous six years averaged over $123,000, while Sun's income was substantially less. (Richard admits that the $40 per month that he is currently paying does not meet the child support guidelines of Iowa Code section 598.21.) The trial court denied the State's petition, concluding that the court lacked jurisdiction to set support from Richard without a modification of the custody and support provisions of the 1982 dissolution decree.

## II. *Jurisdiction on Appeal.*

The State did not appeal. However, Sun filed a notice of appeal, which stated:

COMES NOW the Petitioner, Sun Greenhaw, by and through Counsel and gives notice of her intent to appeal all findings and rulings adverse to her interests and the interests of her children including but not limited to the Findings, Conclusions, Ruling, and Order filed in the Linn County District Court on January 26, 1996.

Richard argues that this notice of appeal was ineffective because it was filed by Sun and not by the State. According to him, Sun was not a "petitioner" under Iowa Code section 252A.2, and therefore, she was not a party to the district court case. Because she was not an aggrieved party in the district court, she could not appeal, according to him. *See In re Marriage of Fields*, 508 N.W.2d 730, 732 (Iowa 1993) (parent was not "petitioner" under statute and could not sue for support under chapter 252A).

It is true that Sun's notice of appeal gave notice of her intent to appeal all rulings "adverse to her interests." But, she also appealed from all rulings adverse to the interests of her children. The children have a legally recognized interest in the case because they are the petitioners. *See* Iowa Code § 252A.2(5) (1993) ("petitioner" means dependent person); § 252A.2(3) ("dependent" includes child who is entitled to support). Because the children had an interest in the district court case, they would have been entitled to appeal the judgment, and Richard concedes that.

Sun has the right, as next friend, to pursue the children's interests in a chapter 252A proceeding, *Fields*, 508 N.W.2d at 732, and that right logically and necessarily should extend to an appeal from the judgment in that case. *See Davis v. Davis*, 246 Iowa 262, 265, 67 N.W.2d 566, 568 (1954) (appeal in chapter 252A case by mother as next friend).

Sun's notice of appeal did not say that she was appealing as next friend of the children. However, the question of whether her notice was sufficient to preserve the appeal rights of her children is subject to the general rule that notices of appeal are to be given a liberal construction.

Notices of appeal should be liberally construed so as to preserve the right of review, and permit, if possible, a hearing on the merits; and only substantial compliance with the forms and requisites of the statutes or rules of court is required, and they should be held to have been complied with if the purpose of the statutes or rules has been accomplished. Thus, as long as

the opposing party is not misled to his irreparable harm, a notice of appeal which can reasonably be construed as an attempt in good faith to appeal from an appealable decision is sufficient; and, as a rule the notice is sufficient if it reasonably shows that an appeal is intended and the judgment, order, or decree appealed from substantially states the other facts required by the statute to be shown.

4 C.J.S. *Appeal & Error* § 371, at 421 (1993) (footnotes omitted); *accord* 5 Am.Jur.2d *Appellate Review* § 327, at 98–99 (1995).

In an analogous case, the administrator of a decedent's estate appealed in her capacity as administrator, although under California law, an administrator may not appeal from a decree of distribution; only a beneficiary has standing to appeal. The court said that,

> looking to the interests of the parties to litigation as of primary importance, [this court] has very liberally construed such a notice as one in which the designation of administratrix may be considered as *descriptio personae.*

*In re Perkins' Estate*, 21 Cal.2d 561, 134 P.2d 231, 234 (1943). The California court held that it would consider the appeal to be by the individual as a beneficiary and not as the administrator, "in the interests of justice." *Id.; accord In re Estate of Hawkins*, 194 Cal.App.3d 102, 239 Cal.Rptr. 464, 465 (1987).

Our case law has shown a similar pragmatism in construing a notice of appeal. In a case involving the sufficiency of a notice of appeal from a tax assessment, we held that service of a notice on a named individual as *chairman* of the board of review instead of on the same person as *clerk* was substantial compliance because no one was misled. *Superior/Ideal, Inc. v. Board of Review*, 419 N.W.2d 405, 409 (Iowa 1988). We said:

> While it is true that service of notice of an appeal is a necessary prerequisite to jurisdiction under section 441.38, we see nothing in that statute, or elsewhere, to suggest jurisdiction should be sparingly recognized. Who could seriously argue that a notice directed to Robert DeCook identifying him as the chairman did not

notify Robert DeCook as clerk that the appeal was pending?

*Id.*

■ Similarly, we might ask in the present case who could seriously argue that a notice of appeal filed by Sun for herself and her children was not in substantial compliance with our appellate rules simply because she did not state that she appealed as the next friend of her children. Her notice substantially complied with the requirement of appellate rule 6(a) that the notice "shall specify the parties taking the appeal." Richard cannot seriously contend that he was misled.

*State ex rel. Phipps v. Phipps*, 503 N.W.2d 391 (Iowa 1993), is an analogous case involving an erroneous caption in a chapter 252A petition in the district court. The petition stated that the action was brought on behalf of the mother instead of the child. We said "[t]his is a nonfatal error correctable on remand by substituting the child's name." *Phipps*, 503 N.W.2d at 392; *see also State ex rel. Blakeman v. Blakeman*, 337 N.W.2d 199, 202 (Iowa 1983) (error in naming mother as petitioner not fatal).

We conclude that, because the notice of appeal substantially complied with our rules and sufficiently notified the appellee of the nature of the appeal, we have jurisdiction of the children's appeal.

### III. *The Jurisdiction of the District Court.*

■ The district court ruled that it had no subject matter jurisdiction. Sun was no longer receiving public assistance, so chapter 252A could not be used to modify a support order without a modification of the parties' 1982 dissolution decree, according to the ruling. The court reasoned:

> This case involves a Chapter 252 action rather than an action for original divorce or a modification of the decree. This is not a case where the State has a monetary interest such as the recoupment of ADC benefits as no such benefits are being paid for the parties' three children. In this case where no child support is owed to the State, that chapter [apparently either chapter 252A or 252B] cannot be used,

contrary to the specific support provision of the decree of dissolution.

... However, at the time of trial, no State support was being paid nor was any owed by the parties. Therefore, the statute is no longer used as a collection procedure for the State and the State has no direct financial interest in the matter. Granted, the welfare of children is of paramount concern of the State. Granted, the State can pursue child support for a party at the party's request even if no State support is owed by the other party. However, the Court cannot change this decretal support provision [providing for no child support] in this Chapter 252B action without obtaining a modification of the decree.

■ Under the scheme of chapter 252A, a petition to modify child support does not depend on the terms of a prior dissolution decree. For example, Iowa Code section 252A.3(7) provides:

Notwithstanding the fact that the respondent has obtained in any state or country a final decree of divorce or separation from the respondent's spouse or a decree dissolving the marriage, the respondent shall be deemed legally liable for the support of any dependent child of such marriage.

■ Iowa Code section 252A.8 (1993) provides:

This chapter shall be construed to furnish an additional or alternative civil remedy and shall in no way affect or impair any other remedy, civil or criminal, provided in any other statute and available to the petitioner in relation to the same subject matter.

A court may award, in a chapter 252A case, more or less support than that provided for in a dissolution decree. *Blakeman*, 337 N.W.2d at 201–02.

In *Moore v. Moore*, 252 Iowa 404, 107 N.W.2d 97 (1961), a respondent father in a chapter 252A proceeding argued that the court had no authority to order more support than had been provided in an Illinois divorce decree. We rejected this argument, stating that

the legislature was cognizant that another order may have been made elsewhere [con-cerning support]. It provided the order for support made by the court in this [chapter 252A] proceeding should not supersede any other order already made, but that any sum paid should be credited on both allowances.

*Moore*, 252 Iowa at 411, 107 N.W.2d at 100–01. *See generally* Andrea G. Nadel, Annotation, *Construction and Effect of Provision of Uniform Reciprocal Enforcement of Support Act that No Support Order Shall Supersede or Nullify Any Other Order*, 31 A.L.R.4th 347, 356–82 (1984).

A recent amendment to chapter 252A reaffirms the principle that proceedings for collection of child support are not mutually exclusive, stating that

the amounts for a particular period paid pursuant to either order [dissolution decree or chapter 252A order] shall be credited against amounts accruing or accrued for the same period under both.

Iowa Code § 252A.6(7) (as amended by 1996 Iowa Acts ch. 1141, §§ 19, 20; 1997 Iowa Acts ch. 175, § 13).

We conclude that the district court erred in dismissing the petition. Parents may be liable for support in an action under the Child Support Recovery Act regardless of the terms of a prior dissolution decree. Payments received shall, of course, be credited to both orders. *Id.*

### IV. *Disposition.*

Sun requests that we set the amount of child support on this appeal rather than order it to be set by the district court on remand. She argues that Richard has appealed every ruling so far in this case and that he will further delay a final disposition by appealing any order by the district court on remand. We decline to set support on this appeal. Richard's widely fluctuating income makes it desirable to set support based on an updated record; the present record is based on income information over five years old.

Within ten days following receipt of procedendo, the district court shall enter an order for temporary support based on the record as it now exists as applied to the guidelines of section 598.21 (1997). The court shall then

schedule a hearing for the purpose of receiving updated income information and making a final order.  On that hearing, the court shall give due consideration to all of Richard's sources of potential income, including his plan referred to in the record as his "employer's performance share plan [*i.e.*, a form of deferred compensation]."  We reverse and remand.

**REVERSED AND REMANDED.**