# IN THE COURT OF APPEALS OF IOWA

No. 16-1686
Filed December 20, 2017

**LADAWN R. SEWARD,**
     Plaintiff-Appellee,

**vs.**

**TROY P. HANE,**
     Defendant-Appellant,

**And Involving**
**STATE OF IOWA, CHILD SUPPORT RECOVERY UNIT,**
     Defendant-Appellee.

_____

     Appeal from the Iowa District Court for Monona County, Jeffrey A. Neary, Judge.

     In this second appeal from a paternity decree, the Child Support Recovery Unit (CSRU) weighs in on our decision to afford the unit formal notice of the paternity proceeding, and a father challenges the child support and medical support provisions of the decree. **AFFIRMED AS MODIFIED.**

     Maura Sailer of Reimer, Lohman, Reitz, Sailer & Ullrich, Denison, for appellant.

     Jacquelyn S. Johnson of Vonnahme Law, P.C., Sioux City, for appellee.

     Thomas J. Miller, Attorney General, and Gary J. Otting and Amy E. Klocke, Assistant Attorneys General, for appellee State.

     Heard by Vaitheswaran, P.J., and Potterfield and McDonald, JJ.

**VAITHESWARAN, Presiding Judge.**

In this second appeal from a paternity decree, the Child Support Recovery Unit (CSRU) weighs in on our decision to afford the unit formal notice of the paternity proceeding, and a father challenges the child support and medical support provisions of the decree.

## I.    *Background Facts and Proceedings*

A detailed rendition of the facts is set forth in a prior opinion, *Seward v. Hane*, No. 15-0119, 2016 WL 902838, at *1 (Iowa Ct. App. Mar. 9, 2016).  We summarize and supplement the facts as follows.

Troy Hane and LaDawn Seward are the unmarried parents of two children.  Because Seward received State medical assistance, the CSRU obtained a support order of $152 per month against Hane.  *See* Iowa Code § 252C.2(1) (2013) ("If public assistance is provided by the department to or on behalf of a dependent child or a dependent child's caretaker, there is an assignment by operation of law to the department of any and all right in, title to, and interest in any support obligation . . . .").

Seward subsequently filed a petition to establish paternity, care, custody and visitation.  Seward also sought temporary and permanent child support.  Hane invoked the CSRU order and asserted "there has been no change of circumstances that would warrant a modification of child support since child support was established."  The district court issued a pretrial order stating in part:

> If there is a pre-existing child support action or judgment concerning the children, the parties shall notify the appropriate person in Child Support Recovery Unit of the pendency of this action and the trial

date. The parties shall file documentation of their notification no less than ten business days before trial.[1]

Following trial on the paternity petition, the district court made the following pertinent findings:

> Troy currently has a child support obligation which was set in Monona County case number DRCV028597 in the amount of $152 per month. In that proceeding, the Court imputed income to [Hane] based upon a scant record of earnings. There is more evidence here as to [Hane's] earning capacity, earnings, and his current status as to how he meets his business and personal expenses. To find that [Hane's] income is as limited as he reflects in the pretrial stipulation is to ignore his life style, how he meets his expenses and generally lives and it would be both inequitable as well as unfair to [Seward] and be a disservice to the parties' children with regard to their support.

The court ordered Hane to pay child support of $734.37 per month.

Within three days of the order, the Iowa Department of Human Services filed a "Notice of Application For IV-D Services" in the paternity action. The notice directed the Monona Clerk of Court not to "credit payments for this case on [its] records" but to "identify the payments with the [Collection Services Center] case number" of the paternity action and forward the payments to the Collection Services Center. The notice further stated, "Only the payments for the case referenced above are re-directed." If the payor listed above owes support on any other case, continue to process those payments as you have in the past." The notice directed the clerk to send the order in the paternity action to CSRU.

Meanwhile, Hane moved for enlarged findings and conclusions. The court denied his request to reduce the support obligation, reasoning as follows:

---

[1] There is no indication in the record that documentation of such notification was filed, but it appears CSRU had actual notice of the paternity action.

The court here carefully considered the evidence in this case which was considerably more than that presented in DRCV028597 (the undersigned presided over that matter as well) and concludes that the evidence here supports the greater amount of support, the imputation of income to the Defendant and thus the modification of support from the amount of DRCV028597.

On appeal, we vacated the child support provision in the paternity decree for failure to provide notice of the paternity action to CSRU. We remanded the case for further proceedings. On remand, the district court afforded CSRU formal notice of the proceedings. CSRU appeared through counsel but limited its participation to the issue of medical support.

Following a hearing, the district court confirmed its earlier child support award of $734.37 per month and required Hane to pay cash medical support of $125 per month. The court terminated the CSRU-initiated support order of $152 per month. The district court denied Hane's motion for enlarged findings and granted Seward's motion for retroactive support from August 8, 2014. The court ordered Hane to pay $50 per month toward that obligation. CSRU and Hane filed notices of appeal.

## II. CSRU's Appeal

CSRU "does not take a position on the determination of the district court in setting or modifying the child support obligation." Instead, CSRU focuses on our prior opinion and our instruction to afford CSRU notice of the paternity action. CSRU argues the paternity order underlying that appeal "was *not* a modification of the earlier order entered at CSRU's request pursuant to chapter 252C." In its view, "[T]he two separate orders, entered in two separate dockets, co-existed, with amounts paid toward either obligation applying against both orders." "Due to

CSRU's limited resources," the agency asserts it does not wish to receive notice "in every original dissolution, separate maintenance or other proceeding that sets child support when [it] already has its own, independent order upon which it can rely."

CSRU concedes its receipt of formal notice renders this issue moot and acknowledges the law of the case doctrine bars us from reversing course in this case. *See Homan v. Branstad*, 864 N.W.2d 321, 328 (Iowa 2015) ("A case is moot if it no longer presents a justiciable controversy because the issues involved are academic or nonexistent."); *State v. Ragland*, 812 N.W.2d 654, 658 (Iowa 2012) (noting "an appellate decision becomes the law of the case and is controlling on both the trial court and on any further appeals in the same case" (citation omitted)). CSRU nonetheless asks us to reconsider our reasoning under the "public importance" exception to the mootness doctrine for the benefit of its future cases.

Four factors bear on the public importance exception: "(1) the private or public nature of the issue; (2) the desirability of an authoritative adjudication to guide public officials in their future conduct; (3) the likelihood of the recurrence of the issue; and (4) the likelihood the issue will recur yet evade appellate review." *Homan*, 864 N.W.2d at 330. CSRU argues the exception applies because the question of whether it should receive notice in a separate but related domestic proceeding is one that will likely recur; district court judges might look to this court for guidance; and the issue will likely evade review. These reasons for applying the public importance exception to the mootness doctrine make sense. Accordingly, we will reconsider the question of notice to CSRU, notwithstanding

CSRU's concession that the court "was attempting to protect CSRU's interests" by requiring notice.

> Iowa Code section 598.21C(3) states in pertinent part:
>
> [A] modification of a support order entered under chapter . . . 252C, . . . or any other support chapter or proceeding between parties to the order is *void* unless the modification is approved by the court, after proper notice and opportunity to be heard is given *to all parties* to the order, and entered as an order of the court. If support payments have been assigned to the department of human services pursuant to section 234.39, 239B.6, or 252E.11, or if services are being provided pursuant to chapter 252B, the department is a party to the support order.

(Emphasis added.) The specific question before us in the prior appeal was "whether the paternity action . . . could be construed as an action to modify the prior chapter 252C child support order." *Seward*, 2016 WL 902838, at *4. We stated the district court's paternity decree "effectively" modified the prior 252C order. *Id.* But as the district court correctly noted on remand, we did not answer the question "whether or not this court has the right to do what it did and modify child support." We do so now.

Iowa Code section 252A.8 states, "[T]his chapter shall be construed to furnish an additional or alternative civil remedy and shall in no way affect or impair any other remedy, civil or criminal, provided in any other statute and available to the petitioner in relation to the same subject matter." This provision authorized the district court to make a child support determination based on the evidence before it in the paternity action. The court was not constrained by the child support figure in its prior 252C order because the two actions were independent and the two orders coexisted. *See State ex. rel. Phipps v. Phipps*, 503 N.W.2d 391, 392 (Iowa 1993) (stating "[b]ecause chapter 252A provides an independent remedy, relief

under chapter 252A is not superseded by a subsequent dissolution of marriage or separate maintenance order," and "[t]he State is entitled to recover in its own right without regard to the terms of support orders affecting the rights and obligations of the parents"); *State ex. rel. Dep't of Human Servs. v. Flo*, 477 N.W.2d 383, 384 (Iowa 1991) (holding a chapter 252A reimbursement order was lawful because "in actions brought under the authority of chapter 252A, the state is entitled to recover in its own right without regard to the terms of support orders affecting the rights and obligations of the parents *inter se*"); *see also* Iowa Code § 252A.6(7) ("This subsection also applies to orders entered following an administrative process including, but not limited to, the administrative processes provided pursuant to chapters 252C and 252F."); *State ex. rel. Mack by Mack v. Mack,* 479 N.W.2d 327, 329 (Iowa 1992) (stating the principle articulated in *Flo* was "equally applicable to reimbursement actions brought under the provisions of chapter 252C"); *State ex. rel. Dep't of Human Servs. on Behalf of Micou v. Micou*, 500 N.W.2d 89, 92 (Iowa Ct. App. 1993) (declining to relieve parent of support obligation under State-initiated order even though later dissolution decree imposed less child support); *State ex rel. Iowa Dep't of Human Servs. v. Uebler*, 417 N.W.2d 224, 225 (Iowa Ct. App. 1987) ("[T]he relief available under chapter 252A is an independent, additional or alternative civil remedy not superseding any previous support order issued in a divorce or separate maintenance action. In a chapter 252A action the court may award more or less support than is awarded in the dissolution decree."); *cf. State ex. rel Heidick v. Balch*, 533 N.W.2d 209, 212 (Iowa 1995) (concluding the State was "entitled to be subrogated to the full amount of child support that [one parent] owe[d] [the other] . . . under our existing uniform child support

guidelines"); *State ex. rel. Iowa Dep't of Social Servs. v. Barnes*, 379 N.W.2d 377, 379 (Iowa 1986) (rejecting argument that a stipulated order releasing parent from future child support payments precluded a chapter 252A reimbursement order).

 Given the independent nature of the 252C action and the paternity action, did CSRU need to be formally notified of the paternity action? The answer is no. Section 598.21C(3), quoted at the outset, applies to "a modification of a support order" and states the order is "void" unless notice is given "to all parties to the order." The child support order in the paternity decree was not a "modification of a support order" within the meaning of section 598.21C(3) but an original support order entered in an original paternity action. The order was not "void" for failure to notify CSRU of the action.

We reach this conclusion notwithstanding the district court's post-trial order explaining why it "modified" the chapter 252C order and our statement in our prior opinion that the court "effectively" modified the 252C order. Both the opinions on which we relied in requiring notice to the State involved true modifications of orders entered in those actions. See *Phipps*, 503 N.W.2d at 393 n.1 (stating, in an action to modify a 252A support order, "The State (DHS) is considered a party to a support order in a modification of support proceeding if the support payments have been assigned to DHS"); *Micou*, 500 N.W.2d at 92 (stating, in an action to modify a support order, "To modify [a] support obligation, notice must be given to DHS"). We disavow our earlier opinion to the extent it required notice to CSRU in an action rather than a modification action.

That said, we emphasize that parents are not obligated to make separate child support payments on each child support order. "Any amounts paid under the

uniform support award are credited against both the dissolution and uniform support awards." *Uebler*, 417 N.W.2d at 225; *see also* Iowa Code § 252A.6(7) ("[T]he amounts for a particular period paid pursuant to either order shall be credited against amounts accruing or accrued for the same period under both."). Here, this is a non-issue because the district court cancelled the 252C order and no party takes issue with the cancellation.

### III.    Father's Appeal

#### A.    Change of Circumstances

Hane challenges the district court's calculation of his child support obligation on several grounds. He argues (1) the 252C order barred re-litigation, (2) Seward had to show a change of circumstances to justify a modification of the child support award, and (3) Seward waived error on her claim for a modification. The three assertions are interrelated and are largely resolved by our previous discussion about the independent nature of each action. We also have precedent directly addressing the issue. *See State ex rel. Blakeman v. Blakeman*, 337 N.W.2d 199, 203-04 (Iowa 1983) (concluding, "At least in the circumstances of this case, when the action is initiated by the department, we hold it should not be required to prove the circumstances underlying the prior award, nor any change in circumstances," and stating, "The specific language of the act . . . obviates any necessity to grapple with issues of res judicata or preclusion"); *see also Iowa Dep't of Human Servs., ex. rel. Greenhaw v. Stewart*, 435 N.W.2d 749, 751 (Iowa 1988) ("The Uniform Support of Dependents Law (252A) does not require that the petitioner allege a change in circumstances since any prior dissolution support award."); *Uebler*, 417 N.W.2d at 225-26 (rejecting a contention that *Blakeman* was "limited to chapter

252A actions filed after" dissolution decrees and stating, "The children's right to receive support under chapter 252A was not superseded by the dissolution decree"). Because the paternity decree was entered in an independent action rather than a modification of the 252C order, Seward did not have to establish a change of circumstances from the time of the 252C order to obtain a higher support order in the paternity action.

### B.      Imputation of Income

We turn to Hane's contention that the district court should not have imputed income to him in the amount of $30,000 annually. On our de novo review, we find ample evidence to support the district court's detailed fact findings on this question. We affirm the district court's imputation of income, child support calculation, and child support order.

### C.      Retroactive Child Support

The district court initially ordered Hane to "pay child support monthly in the sum of $734.37 *beginning on January 1*, *2015.*" Following remand, the court ordered Hane to "pay child support monthly in the sum of $734.37 and cash medical support in the amount of $125.00 *beginning on September 1*, *2016.*" In a ruling on Seward's motion to enlarge, the court ordered Hane to pay the sum "retroactively as a judgment *beginning August 8*, *2014.*"

Hane contends the district court should not have addressed Seward's request for retroactive support because the request was made "for the first time after the case had been remanded" and "was beyond the scope of the limited remand." There is a more fundamental problem. Retroactive modification of child support awards is permitted when there is a "pending petition for modification."

Iowa Code § 598.21C(5). The district court understandably read our prior opinion to mean that the paternity petition was a modification petition. Having now concluded the paternity petition was an original petition rather than a modification petition, we further conclude a retroactive support award to August 8, 2014 was not authorized. We modify the retroactive modification of the child support order and order Hane's support obligation to begin on January 1, 2015.

### D.    Medical Support

As noted, the district court ordered cash medical support of $125. On appeal, Hane asserts the order was unauthorized because "[c]ash medical support is supposed to be ordered only if health insurance is not available at a reasonable cost." Hane is correct.

> "Medical support" means *either* the provision of a health benefit plan, including a group or employment-related or an individual health benefit plan . . . to meet the medical needs of a dependent and the cost of any premium required by a health benefit plan, *or* the payment to the obligee of a monetary amount in lieu of a health benefit plan, either of which is an obligation separate from any monetary amount of child support ordered to be paid.

Iowa Code § 252E.1 (emphasis added). "The court shall order as medical support for the child a health benefit plan if available to either parent at the time the order is entered or modified. A plan is available if the plan is accessible and the cost of the plan is reasonable." *Id.* § 252E.1A(2). "*If a health benefit plan is not available at the time of the entry of the order, the court shall order a reasonable monetary amount in lieu of a health benefit plan*, which amount shall be stated in the order." *Id.* § 252E.1A(3) (emphasis added); *see also* Iowa Ct. R. 9.12(3) ("If neither parent has health insurance available at 'reasonable cost,' if appropriate according to Iowa Code section 252E.1A, the court shall order cash medical support.").

The district court found that Seward had a health insurance plan through her employer and, although the cost was "unreasonable under the child support guidelines," Seward agreed to provide the plan. This finding is supported by the record. Nonetheless, the court ordered cash medical support. Because an order for cash medical support is in lieu of an available health insurance plan and a health insurance plan was available, we conclude cash medical support should not have been ordered. We modify that portion of the remand decree to eliminate the order of $125 in cash medical support.

Hane also argues the district court should not have included a "health insurance add-on" to cover his share of the cost of the children's health insurance premiums. In his view, his income was too low to warrant an add-on. As discussed, the district court imputed annual income to him of $30,000. Based on this income, an add-on of $51.59 was appropriate. *See id.* § 252E.1A(4) ("If the court orders the custodial parent to provide a health benefit plan under subsection 2, the court may also order the noncustodial parent to provide a reasonable monetary amount in lieu of a health benefit plan.").

## IV. *Appellate Attorney Fees*

Hane seeks an award of appellate attorney fees. An award rests in our discretion. *In re Marriage of Berning*, 745 N.W.2d 90, 94 (Iowa Ct. App. 2007). In our discretion, we deny Hane's request for appellate attorney fees.

## V. *Disposition*

We affirm all aspects of the district court's remand order except the order for retroactive child support and cash medical support.  We modify those portions of the remand order as set forth above.

**AFFIRMED AS MODIFIED.**