**STATE of Iowa ex rel. IOWA DEPARTMENT OF SOCIAL SERVICES, Appellee,**

v.

**Jerry Lynn BARNES, Appellant.**

Nos. 84–1633, 85–475.

Supreme Court of Iowa.

Jan. 15, 1986.

Paul A. Zoss of Adams, Howe & Zoss, P.C., Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., Gordon E. Allen, Sp. Asst. Atty. Gen., and Patricia R. Hemphill, Asst. Atty. Gen., for appellee.

Considered by REYNOLDSON, C.J., and McGIVERIN, LARSON, CARTER, and WOLLE, JJ.

CARTER, Justice.

Respondent Jerry Lynn Barnes appeals from judgment in chapter 252A action requiring reimbursement of the state for Aid to Dependent Children (ADC) support payments paid to his former wife and minor children and establishing his future child support obligation. He contends that a stipulation, subsequently approved by the court in February of 1982, relieved him of any future child support obligation in consideration for a modification of the property division in the decree dissolving his marriage to his former wife, Phyllis Barnes. He also claims that the district court erred in failing to give him credit in the judgment entered for the consideration which was paid in exchange for the agreement waiving his child support obligation.

The marriage of Jerry Barnes and Phyllis Barnes was dissolved by a decree entered in March of 1981. That decree granted custody of the parties' two minor children to Phyllis and ordered Jerry to pay $50 per child per week as child support until the children attained majority age. Phyllis was granted possession of the family home upon which Jerry was awarded a lien of $10,500 as his share of the property division.

On February 1, 1982, the district court approved a stipulation of the parties for modification of the dissolution decree. That stipulation provided, in part:

The Petitioner [Phyllis] hereby agrees that, in exchange for a release of the Respondent's [Jerry] lien on the property and the Respondent's equity in the property, she will forego all future child support payments. She understands that by so agreeing, she will forever waive the right to receive any future child support payments.

The stipulation indicated that the purpose of the foregoing provision was to enable Phyllis to sell the house and move to Florida. The stipulation provided that this was in the best interests of the children. In the order approving the stipulation, the district court found that the agreement, as a whole, was in the best interests of the children.

Phyllis did move to Florida in February of 1982, but returned to Iowa prior to June 1 of that year. On June 1, 1982, she and the two minor children began receiving $360 per month in ADC payments. On July 11, 1983, the state filed a petition under chapter 252A, seeking reimbursement from Jerry for ADC payments made to his dependent children and further sought to establish a schedule of periodic support payments to be made by Jerry in the future. Jerry answered by asserting the February 1, 1982 order as a defense.

The district court, after an evidentiary hearing, entered a judgment on September 19, 1984, requiring Jerry to reimburse the state for $9065, plus interest and costs for ADC payments made between June 1, 1982, and July 1984. At this time, Phyllis was no longer receiving ADC benefits but had made application that such benefits be reinstated. The court continued jurisdiction of the case to await further development on this pending application for additional ADC benefits.

Jerry appealed the judgment for reimbursement entered on September 19, 1984. During the pendency of these appeals, we remanded the action to the district court for the limited purpose of enabling the district court to make additional adjudications as a result of Phyllis and the children having again been placed on the ADC benefit roll. On March 15, 1985, the district court ordered additional reimbursement to be made for the latest ADC benefits received by Phyllis and the children and also ordered Jerry to make regular child sup-

port payments in the future of $154 per month.

Jerry has appealed from the judgment entered on limited remand as well as from the original judgment. He urges four issues on the consolidated appeal. These are: (1) that the February 1, 1982 order approving the stipulation of the parties is a final adjudication of his support obligation and is res judicata of that issue; (2) that, in the entry of the judgments against him for past and future support, the court erred in not giving him credit for the release of his $10,500 lien on Phyllis's property; (3) that the evidence does not show that Phyllis is incapable of supporting the children in accordance with the stipulation of February 1, 1982, and the resulting court order; and (4) that the judgment reimbursing the state for ADC payments erroneously includes payments to Phyllis, who is not a dependent under Iowa Code section 252A.5(5) (1985). We consider these issues separately.

I. *Preclusive Effect of February 1, 1982 Order.*

■ While recognizing the limitations which *Anthony v. Anthony*, 204 N.W.2d 829, 833 (Iowa 1973) has placed on contracting away the child support obligation of a parent, Jerry urges that the February 1, 1982 order was a court decree. He points out that this order included a finding that the agreement waiving his child support obligation was in the best interests of the Barnes children. We question the validity of that finding, but regardless of its validity, there are sufficient reasons why the February 1, 1982 order is not conclusive as to Jerry's obligation to support his minor children.

Most importantly in this regard, section 252A.6(15) expressly deals with the substance of Jerry's res judicata argument and, as we recognized in *Iowa Department of Social Services ex rel. Blakeman v. Blakeman*, 337 N.W.2d 199, 204 (Iowa 1983), "the specific language of the act ... obviates any necessity to grapple with issues of res judicata or preclusion." We find no merit in Jerry's claim that the February 1, 1982 order precluded the court in the chapter 252A proceedings from entering the judgment from which he has appealed.

II. *Failure to Credit the $10,500 Lien Waiver Against Respondent's Child Support Obligations.*

■ Jerry's next argument is that the district court was required to give him credit for the $10,500 lien which was released from Phyllis's property in consideration of the waiver of all future child support. He urges that this sum should be applied against the claims of the state for reimbursement and also against his future child support obligations. He posits this contention on section 252A.6(15), which provides that "amounts for a particular period paid pursuant to either order shall be credited against amounts accruing or accrued for the same period under both." We believe that, to the extent that this statute requires credit against a chapter 252A judgment for payments made under support orders in other court proceedings, it is applicable only to payments made subsequent to the entry of the judgment in the chapter 252A action. *See Blakeman*, 337 N.W.2d at 204. Jerry is entitled to no credit based on a release of lien which antedated the judgments in the current action.

III. *Whether Phyllis is Incapable of Supporting the Children.*

■ We briefly consider Jerry's contention that the record fails to show that Phyllis is incapable of supporting the children without any assistance from him as she agreed to do. We believe the presence of Phyllis and the children on the public assistance rolls creates a prima facie showing that she is not able to provide for their support. Jerry has provided no convincing evidence that she is. Accordingly, we find no merit in this contention.

IV. *Inclusion of Payment Made for Phyllis's Benefits in Sums for Which the State Has Been Reimbursed.*

■ Finally, we consider Jerry's contention that, although Phyllis is not a dependent under chapter 252A, *see State ex rel. Warren v. Mahan,* 329 N.W.2d 673, 674 (Iowa 1983), a portion of the ADC benefit payments for which the state was granted reimbursement included payments made for her support. The record indicates that the family grant made to Phyllis and the children was in the sum of $360 per month while a grant made to two children without a parent would have been $305 per month. Because the State's claim for reimbursement under section 252A.5(5) is limited to payments made to chapter 252A dependents, Jerry argues that the court erred by including the additional $55 per month in the judgment.

Considering the fact that the total amount of support provided under the ADC program was less than the amount of child support found to be reasonable in the original dissolution decree and that the payments by the state were under a program primarily designed to benefit dependent children, we find no merit in Jerry's final contention. We have considered all arguments advanced and conclude that the judgment of the district court should be affirmed.

AFFIRMED.