STATE of Iowa, ex rel. IOWA DEPART-
MENT OF HUMAN SERVICES, and
Rebecca A. Arledge, Petitioner–Appel-
lee,

v.

James Morris ARLEDGE,
Respondent–Appellant.

No. 88–154.

Court of Appeals of Iowa.

June 15, 1989.

Steven S. Hoth of Hirsch, Adams, Hoth,
Krekel, Putnam & Cahill, Burlington, for
respondent-appellant.

Thomas J. Miller, Atty. Gen. and E. Dean
Metz, Asst. Atty. Gen., for petitioner-appel-
lee.

Heard by SCHLEGEL, P.J., and
SACKETT and HABHAB, JJ.

SCHLEGEL, Judge.

State of Iowa Department of Social Ser-
vices commenced this action under Iowa
Code chapter 252A (Uniform Support of
Dependents Law) against the father of two
minor children. The district court required
the respondent to reimburse the State for
past ADC benefits for one of the children.
Respondent has appealed the district
court's order.

James and Rebecca Arledge are the natu-
ral parents of Jennifer Arledge, born in
1973. In addition, Rebecca is the natural
mother of Jared Arledge, born in 1971.
James adopted Jared during the marriage.
The parties' marriage was dissolved in
1977. The dissolution decree placed the
children in Rebecca's custody and directed
James to pay child support. In September
1984, the decree was modified placing the
children in joint legal custody and in James'

physical care. The modification also eliminated James' child support obligation.

In December 1985, Jared left James' house and began living with Rebecca in her parents' home. He has lived with Rebecca and her parents since that time. In January 1986, Jennifer left James' home and lived for approximately one month in her mother's home. She has since returned to her father's home.

Rebecca first applied for ADC benefits in January of 1986 for Jared, and received $322 per month based upon a two-member household. Rebecca later informed ADC authorities that Jennifer was living with her, and she was found to qualify as a three-member household. During the month of February 1986, Rebecca received pro rata ADC benefits totaling $373. In March and April of 1986, she received full, three-member benefits of $381 per month. Rebecca obtained a job during the months of May, June and July, 1986, and did not receive ADC benefits during that time. When she lost her job, she reapplied for benefits and received pro rata two-member household benefits of $257 in August 1986. Since that time, she has received $322 in monthly benefits for a two-member household. The total ADC benefits paid to Rebecca since January 1986 total $6,220.

Due to Rebecca's receipt of ADC benefits, the State filed a petition pursuant to Iowa Code section 252A seeking to compel James to pay support for the two children. After a hearing, the district court directed James to reimburse the State for the $6,222 in benefits already paid to Rebecca. In addition, the district court initially directed James to reimburse the State in full for any future ADC benefits paid to Rebecca; however, in a subsequent ruling, the district court eliminated this reimbursement for future benefits and instead directed James to pay $75 per week in child support for Jared.

This case is in equity, Iowa Code section 252A.6(1), and our review is de novo. Iowa R.App.P. 4. Especially when considering the credibility of witnesses, we give weight to the trial court's factfindings, but are not bound by them. Iowa R.App.P. 14(f)(7).

I. James first contends that the district court erred in failing to take into account an alleged overpayment ($2,310) of his child support obligation under the dissolution decree, as well as a document signed by Rebecca that she received an additional $2,000 as full and complete satisfaction of James' child support obligation under the dissolution decree. In short, James claims that the record shows he had child support credits totaling $4,310 against any child support obligation that was due and owing.

Iowa Code section 252A.6(15), upon which James apparently relies, provides:

> Any order of support issued by a court of the state acting as a responding state shall not supersede any previous order of support issued in a divorce or separate maintenance action, but the amounts for a particular period paid pursuant to either order shall be credited against amounts accruing or accrued for the same period under both.

In *State ex rel. Iowa Department of Social Services v. Barnes*, 379 N.W.2d 377, 379 (Iowa 1988), appellant husband, in reliance on section 252A.6(15), argued that the district court was required to give him credit for a $10,500 lien which was released from his ex-wife's property in consideration of the waiver of all future child support. In denying credit for this payment, the supreme court held:

> [T]o the extent that this statute requires credit against a chapter 252A judgment for payments made under support orders in other court proceedings, *it is applicable only to payments made subsequent to the entry of judgment in the chapter 252A action.* Jerry is entitled to no credit based on a release of lien which antedated the judgments in the current action. [Emphasis added.]

We find little distinction between *Barnes* and the case before us. In its findings, the trial court focused on the sufficiency of the evidence supporting James' claims of payment on both the $2310 overpayment and the $2,000 release; however, we find it unnecessary in this case to challenge James' claims on sufficiency grounds, as it

is not disputed that the alleged payments were made prior to the entry of the October 21, 1987, judgment in this action. We find *Barnes* to be controlling in the present case and deny James' claims.

II. James further claims that the district court erred by directing him to reimburse the State for ADC payments covering the periods when one or both children were residing either with James' or Rebecca's parents, but not with Rebecca.

The record indicates that although Jennifer lived with her mother only during part of December 1985 and January 1986—about one month total—the record suggests that Rebecca nonetheless qualified for three months of "three-member" benefits under the DHS's current administration of child support benefits under chapter 252A. Furthermore, although the record contains evidence that Rebecca was out of state for approximately six weeks, and that she and the children lived in her parents' home, the evidence establishes that Rebecca nonetheless qualified, under the current guidelines, for all benefits received.

III. James last argues that the district court erred in modifying the September 10, 1984, dissolution order by its entry of judgment under chapter 252A on October 10, 1987, and its subsequent order dated January 12, 1988, pursuant to Iowa Rules of Civil Procedure 179(b). He argues that the State was required to show a substantial change in circumstances between the entry of the first judgments and the entry of an order modifying that judgment under Iowa law. We disagree.

As the State correctly notes, the Department is not required to show a substantial change in circumstances to initiate a 252A action for support. *See Iowa Department of Social Services v. Blakeman,* 337 N.W.2d 199, 203 (Iowa 1983). Although the chapter 252A orders entered by the court on October 21, 1987, and January 12, 1988, may have differed with the September 10, 1984, dissolution order, they were proper within the *Blakeman* guidelines. The 252A action is an "additional or alternative civil remedy." Iowa Code § 252A.8 (1987).

We have considered all arguments advanced and conclude that the judgment of the district court should be affirmed.

AFFIRMED.