**STATE of Iowa ex rel. DEPARTMENT OF HUMAN SERVICES; Jon Flo, Father; and Scott A. Flo, A Child, Appellees,**

v.

**Eileen FLO, Mother, Appellant.**

No. 90–1476.

Supreme Court of Iowa.

Nov. 20, 1991.

William Hoekstra of Legal Services Corp. of Iowa, Mason City, for appellant.

Bonnie J. Campbell, Atty. Gen., Gordon E. Allen, Deputy Atty. Gen., Robert R. Huibregtse, Asst. Atty. Gen., and Joaquin Jones, Asst. Co. Atty., for appellees.

Considered by McGIVERIN, C.J., and HARRIS, CARTER, NEUMAN, and ANDREASEN, JJ.

CARTER, Justice.

Eileen Flo, the respondent in the Department of Human Services' (DHS) child support reimbursement action, appeals from an order requiring reimbursement of DHS for a portion of AFDC benefits paid to her former husband who was custodial parent of one of the parties' minor children. After reviewing the arguments presented, we affirm the judgment of the district court.

The marriage of respondent and her former husband was dissolved in March 1985. The parties had two minor children. The physical care of one of the parties' minor children was placed with respondent and physical care of the other child was placed with her former husband. Although respondent's former husband was required to pay child support for the child in her physical care, the decree did not require her to pay support for the other child.

Respondent's former husband became unemployed for several months in 1985 and 1986. He applied for and received AFDC benefits for the minor child in his physical care. In the present action, DHS seeks reimbursement from respondent for a portion of those benefits paid during a four-month period in 1986 during which respondent was employed, her former husband was not employed, and respondent had the financial ability to pay child support. In this proceeding, DHS sought and the trial court ordered that respondent pay one-half

of the AFDC payments made to her former husband during this four-month period.

On appeal, respondent raises only one issue. She contends that the reimbursement order is unlawful because it constitutes a retroactive modification of the dissolution decree, which imposed no child support obligation on her. She argues that such a retroactive modification violates the provisions of 42 U.S.C. section 666(a)(9)(C). That statute provides:

In order to satisfy § 654(2)(A) of this title, each state must have in effect laws requiring the use of the following procedures, consistent with this section and with regulations of the Secretary to increase the effectiveness of the program which the State administers under this part.

. . . .

C. Procedures which require that any payment or installment of support under any child support order, whether ordered through the State judicial system or through the expedited processes required by Paragraph (2), is (on and after the date it is due) not subject to retroactive modification by such State or by any other State.

Our reading of this statute convinces us that it does not operate to bar the district court's reimbursement order. We base this conclusion on three grounds. First, we have recognized that in actions brought under the authority of chapter 252A, the state is entitled to recover in its own right without regard to the terms of support orders affecting the rights and obligations of the parents *inter se.* *State ex rel. Iowa Dep't of Social Servs. v. Barnes,* 379 N.W.2d 377, 379 (Iowa 1986).

Second, most of the available commentary on this federal statute indicates that its purpose was to preclude states from retroactively reducing or canceling delinquent child support installments by retroactively modifying support orders.[1] Comment, *An Unfortunate Change of Circumstances: Wisconsin Prohibits Retroactive Revision*

*of Child Support Orders,* 1988 Wis.L.Rev. 1123, 1125 (1988); 13 B.N.A. Family L.Rep. 1600 (October 1987); 13 B.N.A. Family L.Rep. 1270 (April 1987).

Third, whatever the intent of this federal legislation, it does not purport to govern the substantive rights or obligations of parties to state court litigation in the event a state fails to comply with its provisions. The effect of such noncompliance is only to reduce federal contributions to the state's public welfare system. *See Ohlhoff v. Ohlhoff,* 246 N.J.Super. 1, 5, 586 A.2d 839, 841 (1991).

For the reasons stated, we find no basis for overturning the district court's order. The order is affirmed.

AFFIRMED.

---

1. Perhaps the reason that the Iowa legislature has failed to enact such a statute is because retroactive modification of support orders in

this state is precluded by controlling case law. *In re Marriage of Shepherd,* 429 N.W.2d 145, 146–47 (Iowa 1988).