STATE of Iowa ex rel. Mandie MACK and Chrystal Mack, Minor Children, By Richard MACK, As Next Friend, Appellee,

v.

Michele D. MACK, Appellant.

No. 91–592.

Supreme Court of Iowa.

Jan. 22, 1992.

Martin L. Fisher, Adair, for appellant.

Bonnie J. Campbell, Atty. Gen., John Parmeter, Sp. Asst. Atty. Gen., Mark Haverkamp, Asst. Atty. Gen., and Kay Sanders, Asst. County Atty., for appellee.

Considered by HARRIS, P.J., and CARTER, LAVORATO, NEUMAN, and SNELL, JJ.

CARTER, Justice.

Michele D. Mack, the respondent in a support of dependent children proceeding under Iowa Code chapters 252A and 252C, challenges an order of the district court requiring her to reimburse the Iowa Department of Human Services (DHS) for aid to dependent children benefits provided to her minor children while they were living with her former husband. Upon considering the arguments of the parties, we affirm the judgment of the district court.

The marriage of Michele Mack and her former husband, Richard Mack, was dissolved on March 17, 1981. The dissolution decree awarded custody of the parties' two minor children to Michele. Richard was ordered to pay child support of $60 per month per child. He has consistently failed to meet this obligation and a substantial delinquency exists in his required child support payments.

In August 1989, without any formal modification of the dissolution decree, the two minor children commenced living with Richard. That situation continued until the time of the hearing in this matter. In October 1989, Richard applied for and began receiving aid to dependent children benefits for the support and maintenance of these children.

On May 10, 1990, the child support recovery unit filed a petition seeking to recover from Michele the amount of the public assistance benefits expended for her minor children between October 1989 and the time of hearing. During the period of time that these benefits were being paid, Michele was employed as a factory worker with a net income of approximately $1500 per month.

After hearing evidence, the district court found that Michele was obligated to reimburse DHS for the aid to dependent children benefits that her children received during a period of time when she was gainfully employed and capable of providing support. The court fixed Michele's reimbursement obligation at $4389, the total amount of benefits expended. The order provided that reimbursement could be paid in installments of fifty dollars per month. It provided for immediate wage assignment of the monthly installment.

Michele has challenged this order. Her stated grounds are: (1) it is inequitable to require her to reimburse the State for wel-

fare payments that were made while the children were in Richard's care in view of the fact that he has failed to pay the required support while the children were in her care, (2) recovery efforts should be exhausted against Richard prior to seeking reimbursement from Michele, and (3) a portion of these public assistance benefits were utilized for the living expenses of Richard Mack and his present wife who are dependents for whom Michele bears no responsibility. We separately consider these contentions.

At the outset, we note that we are not unsympathetic to Michele's situation. She acted responsibly in providing necessary support for her children during the time they were living with her. Because Richard failed to pay his share of support during this period of time, Michele's burden was disproportionately enhanced. Michele was completely unaware that Richard, a self-employed junk metal dealer, had sought public assistance benefits while the children were living with him. She has, we agree, reason to be displeased with the situation in which Richard's welfare status has placed her.

■ However sympathetic Michele's plight may be, her legal defenses to the State's reimbursement effort lack merit. We have recognized that the presence of minor children and their "caretaker" on the public assistance roles creates a prima facie showing that the caretaker is not able to provide for the children's support. *State ex rel. Iowa Dep't of Social Servs. v. Barnes*, 379 N.W.2d 377, 379 (Iowa 1986). Michele has failed to establish that Richard's eligibility for aid to dependent children benefits was not legitimate. The payment of public assistance "to or for the benefit of a dependent child or a dependent child's caretaker" creates a support debt due and owing to DHS by a responsible person in the amount of the public assistance payments. Iowa Code § 252C.2(2) (1989). Michele qualifies as a "responsible person" under the provisions of section 252C.1(7), to the extent it has been shown that, during the period of time for which the benefits were paid, the responsible party was financially able to provide that level of support.

In *State ex rel. Department of Human Services v. Flo*, 477 N.W.2d 383, 384 (Iowa 1991), we recognized that, in actions brought under the authority of Iowa Code section 252A.5(5) (1989) for reimbursement of public assistance expenditures from a responsible party, the state is entitled to recover in its own right without regard to the terms of court orders affecting the rights and obligations of the parents *inter se*. We find this principle to be equally applicable to reimbursement actions brought under the provisions of chapter 252C. As a result, any amounts owed Michele by Richard under support orders contained in the dissolution of marriage decree do not serve to diminish and may not be set off against amounts owed the relator, State of Iowa, by a responsible party.

■ We must also reject Michele's contention that the State was required to first seek reimbursement of the public assistance benefits from Richard before attempting to recoup these sums from her. Although Richard is a "responsible person" under the definition contained in section 252C.1(7), the State is precluded from seeking reimbursement against a responsible person for benefits paid when that person is a recipient on the person's own behalf of public assistance for the benefit of a dependent child or a dependent child's caretaker. Iowa Code § 252C.2(2) (1989).

■ Finally, we consider and reject Michele's contention that, because Richard and his present wife satisfied some of their own living expenses from the expenditure of these public assistance funds, Michele's reimbursement obligation should be limited to only that portion traceable to the needs of the minor children. As we recognized in *Barnes*, 379 N.W.2d at 380, this category of public assistance benefits, even if incidentally providing living assistance to caretakers of the children, is "primarily designed to benefit dependent children." Consequently, we have recognized that the entire amount of benefits paid under this program may be recouped from a responsible party. *Id.*

We have considered all arguments presented and conclude that the judgment of the district court should be affirmed.

AFFIRMED.