STATE of Iowa ex rel. Misty **HEIDICK**, Minor Child, Appellant,

v.

Alyce L. **BALCH**, Appellee.

No. 94–509.

Supreme Court of Iowa.

May 24, 1995.

Thomas J. Miller, Atty. Gen., Gordon E. Allen, Deputy Atty. Gen., Robert R. Hui-

bregtse, Asst. Atty. Gen., and Rhonda Fitchett, Asst. County Atty., for appellant.

Joseph B. McCarville, Fort Dodge, for appellee.

Considered by HARRIS, P.J., and LARSON, CARTER, LAVORATO, and SNELL, JJ.

LAVORATO, Justice.

The State appeals from a district court order setting off the amount of monthly child support a mother owes to a father for one child against the monthly support the father owes to the mother for another child. The setoff results in a difference of $68. The court directed the mother to pay this amount. The State is the assignee of the mother's support payments to the father under Iowa Code chapter 252C (1993). As such assignee, the State raises two issues.

First, the State is entitled to receive the entire amount of the monthly support the mother owes the father, or $255. The court erred in (1) ordering the offset calculation, which yielded a $187 reduction in the amount the State is subrogated to, and (2) calculating the arrearage based on the monthly support obligation. Second, the court erred in failing to order the mother to provide medical support under Iowa Code sections 252C.2(4) and 252E.2 for the child in the father's care.

In our de novo review, we conclude the district court erred in making the offset. We reverse and remand for an order reflecting the mother's support obligation as $255 per month rather than $68 per month and fixing the arrearage at $2550. We do not reach the medical support issue the State raises because the State did not raise and preserve the issue for our review.

I. *Background Facts.*

Dennis Heidick and Alyce L. Balch are the divorced parents of two minor children. The dissolution decree awarded primary custody of both children to Alyce. The decree ordered Dennis to pay Alyce child support for both of them.

Their daughter Misty currently lives with her father. The other child lives with Alyce.

Dennis began receiving aid for dependent children (AFDC) for Misty early in 1993. *See* Iowa Code §§ 239.3 (application process); 239.5 (department of human services determination of eligibility for and amount of assistance). At this time he assigned his right to support from Alyce for Misty to the State. *See* Iowa Code §§ 239.3 ("An applicant for assistance under this chapter . . . [is] deemed to have assigned to the department of human services at the time of application all rights to periodic support payments to the extent of public assistance received by the applicant. . . ."); 598.34 ("A person entitled to periodic support payments pursuant to an order or judgment entered in an action for dissolution of marriage, who is also a recipient of public assistance, is deemed to have assigned the person's right to support payments, to the extent of public assistance received by the person, to the department of human services."); 252C.2(2) ("payment of public assistance to or for the benefit of a dependent child . . . creates a support debt due and owing to the department by the responsible person. . . ."); 252C.1(8) ("As used in this chapter, unless the context otherwise requires: . . . (8) "Responsible person" means a parent, relative, guardian, or another person legally liable for the support of a child. . . ."). Alyce has not sought AFDC assistance for the child in her care.

The child support recovery unit (CSRU) then filed an administrative proceeding to establish the amount of Alyce's support obligation for Misty. *See* Iowa Code § 252C.3(1). The CSRU calculated what it deemed Alyce's reasonable support obligation for Misty. This amount is not part of the record.

II. *Background Proceedings.*

Alyce requested judicial review of the CSRU's proposed support assessment. The CSRU then filed a petition for judicial review. *See* Iowa Code § 252C.4(1).

The district court set the matter for hearing. *See* Iowa Code § 252C.4(3). Using Dennis' and Alyce's financial affidavits, the district court calculated their respective support obligations under the existing guidelines. *See* Iowa Code §§ 252C.4(4),

598.21(4). The court also determined the amount of arrearage.

In calculating the amount of support Alyce should receive, the court calculated Dennis' financial obligation at $187. In calculating what Dennis should receive, the court calculated Alyce's financial obligation at $255. Neither party contests these two calculations. The court then subtracted Dennis' obligation from Alyce's, declaring this $68 difference to be what Alyce owed the State as Dennis' assignee under Iowa Code section 252C.2.

The CSRU filed a rule 179(b) motion to enlarge, amend, or modify concerning the district court's offsetting support calculation, which the court overruled. *See* Iowa R.Civ.P. 179(b). The State appealed.

### III. *Scope of Review.*

The child support obligation involved here arises from an equitable order. Our review therefore is de novo. Iowa R.App.P. 4; *State ex rel. Nicholson v. Toftee,* 494 N.W.2d 694, 695 (Iowa 1993). Under such review our duty is to examine the entire record and adjudicate anew rights on issues properly presented. *In re Marriage of Steenhoek,* 305 N.W.2d 448, 452 (Iowa 1981).

### IV. *The Offset.*

■ Iowa Code section 597.14 pertinently provides that "[t]he reasonable and necessary expenses of the family and the education of the children are chargeable upon the property of both husband and wife, or either of them...." Iowa Code § 597.14. In short, both parents are liable for the care of their children. We have underscored this duty in our child support guidelines which provide that "[i]t is the policy of this [S]tate that every parent contribute to the support of his or her children in accordance with the means available." Sup.Ct.Child Supp.Guidelines, Tbl. 1 n. 1.

The following calculations appear in the district court's support order:

### I. ALYCE'S RESPONSIBILITY TO PAY FOR THE CHILD IN DENNIS' CUSTODY

| | |
|---|---|
| Custodial parent's [Dennis'] income | $ 834 |
| Noncustodial parent's [Alyce's] income | $1100 |
| [Alyce's] Child Support for One Child | $255 |

### II. DENNIS' RESPONSIBILITY TO PAY FOR THE CHILD IN ALYCE'S CUSTODY

| | |
|---|---|
| Custodial parent's [Alyce's] income | $1100 |
| Noncustodial parent's [Dennis'] income | $ 834 |
| [Dennis'] Child Support for One Child | $187 |
| Difference [Offset] | $ 68 |

On the basis of these calculations, the court ordered Alyce to pay Dennis $68 per month in child support for Misty. In addition, Dennis and Alyce agreed that the district court use this $68 figure to calculate the arrearage for the ten months Dennis had already been receiving AFDC payments for Misty. The court determined that Alyce owed an additional $680 for this outstanding balance (10 × $68), payable over twenty-four months at a rate of $28.33 per month beginning March 1, 1994.

The State argues that the district court's support calculations simply are not fair to the State as Dennis' assignee. The State argues that in reality, it is "paying for" the $187 in monthly child support that Dennis owes Alyce. This is the necessary result of the court's offset by this amount in favor of Alyce.

Alyce replies that the district court's offsetting calculation is not only fair, but necessary, when one considers the welfare of both children. The court's order reflects that Alyce currently receives no support from Dennis for their other child who remains in her care, a fact Alyce claims the CSRU "know[s] or should know." She cites our recent decision in *In re Marriage of Will,* 489 N.W.2d 394 (Iowa 1992), in support of the district court's calculation. In that case we approved an award of split physical care of

children and an offset of child support. However, *Will* is not directly on point because there were no AFDC payments involved.

While we are sympathetic to Alyce's position, we believe the district court made the wrong call in offsetting the parents' support payments in Alyce's favor. We say this because the State, as Dennis' assignee, is an innocent bystander whose subrogation rights remain unaffected by any difficulties the parties are having in meeting their individual support obligations to each other.

We first made this point in *State ex rel. Department of Human Services v. Flo*, 477 N.W.2d 383 (Iowa 1991) (citation omitted). There we said that "in actions brought under the authority of chapter 252A, the state is entitled to recover in its own right without regard to the terms of support orders affecting the rights and obligations of the parents *inter se*." *State ex rel. Dep't of Human Servs. v. Flo*, 477 N.W.2d 383, 384 (Iowa 1991) (citation omitted) (divorce decree imposed no child support obligation on noncustodial parent; nevertheless we held that an AFDC reimbursement order against the noncustodial parent was not an unlawful retroactive modification of the decree).

We think our recent decision in *State ex rel. Mack v. Mack*, 479 N.W.2d 327 (Iowa 1992), is more on point and is controlling. In *Mack*, the divorce decree granted custody of the minor children to the mother. Eight years later the children began living with their father. Neither party sought modification of the decree to reflect these living arrangements. Later the father applied for and received AFDC benefits for the support of these children. The CSRU filed suit to recover from the mother the amount of AFDC benefits paid for the children. The district court fixed the mother's reimbursement obligation at $4389, the total amount of benefits expended. The mother challenged the order, contending among other things, that (1) the reimbursement order was inequitable because the father failed to pay her child support while the children were in her care, and (2) recovery efforts should be exhausted against the father before any action seeking reimbursement from her.

Rejecting both challenges, we said:

In *State ex. rel. Department of Human Services v. Flo*, 477 N.W.2d 383, 384 (Iowa 1991), we recognized that, in actions brought under the authority of Iowa Code section 252A.5(5) (1989) for reimbursement of public assistance expenditures from a responsible party, the state is entitled to recover in its own right without regard to the terms of court orders affecting the rights and obligations of the parents *inter se*. We find this principle to be equally applicable to reimbursement actions brought under the provisions of chapter 252C. As a result, any amounts owed [the mother] by [the father] under support orders contained in the dissolution of marriage decree do not serve to diminish and may not be set off against amounts owed the relator, State of Iowa, by a responsible party.

We must also reject [the mother's] contention that the State was required to first seek reimbursement of the public assistance benefits from [the father] before attempting to recoup these sums from her. Although [the father] is a "responsible person" under the definition contained in section 252C.1(7), the State is precluded from seeking reimbursement against a responsible person for benefits paid when that person is a recipient on the person's own behalf of public assistance for the benefit of a dependent child or a dependent child's caretaker. Iowa Code § 252C.2(2) (1989).

*State ex rel. Mack v. Mack*, 479 N.W.2d 327, 329 (Iowa 1992). According to this passage from *Mack*, the district court's reliance on *Will*, where no assignment obligation was at issue, was misplaced in calculating the offset in favor of Alyce.

The State's only interest is in recouping its payment of AFDC benefits to Dennis for Misty. This interest is legitimate, and the State is entitled to be subrogated to the full amount of child support that Alyce owes Dennis for Misty under our existing uniform child support guidelines. That amount is currently $255 per month and there is no dispute about this amount.

The district court erred in offsetting Dennis' support obligation of $187 per month against Alyce's support obligation of $255 and ordering her to pay only $68 per month. The court should have ordered Alyce to pay $255 per month.

As mentioned, the parties agreed that whatever figure was fixed as Alyce's child support obligation should be used to figure Alyce's arrearage for the ten months Dennis had been receiving AFDC benefits. The court found the arrearage to be $680 (10 months × $68 per month). This calculation was likewise in error. The arrearage is $2550 (10 months × $255 per month).

## V. *Failure to Order Alyce to Pay Medical Support.*

On appeal the State raises for the first time the district court's failure to order Alyce to pay for Misty's medical support. The State contends that an award of medical support is required under Iowa law. *See* Iowa Code §§ 252C.2(4) ("The payment of medical assistance pursuant to chapter 249A for the benefit of a dependent child ... creates a support debt due and owing to the department."); 252E.2 ("The entry of an order, pursuant to chapter 234, 252A, 252C, 598, 600B or any other chapter of the Code ... requiring the provision of coverage under a health benefit plan is authorization for enrollment of the dependent if the dependent is otherwise eligible to be enrolled.").

This issue was not raised and preserved at the district court level. So we give it no further consideration. *Klein v. Iowa Dep't of Revenue & Fin.*, 451 N.W.2d 837, 841 (Iowa 1990).

## VI. *Disposition.*

Because the district court erroneously offset Dennis' support obligation against Alyce's support obligation, we reverse and remand for an order reflecting Alyce's support obligation as $255 per month and fixing the arrearage at $2550.

We do not reach the medical support issue the State raises because the State did not raise and preserve the issue for our review.

**REVERSED AND REMANDED WITH DIRECTIONS.**