In re the MARRIAGE OF Danele Kae PEED and Kip Lane Peed.

Upon the Petition of

Danele Kae Peed, Appellee,

And Concerning

Kip Lane Peed, Appellant.

No. 97–1345.

Court of Appeals of Iowa.

March 27, 1998.

Kevin A. Fors, Harcourt, for appellant.

Thomas J. Miller, Attorney General, and Christina F. Hansen, Assistant Attorney General, for appellee State and Danele Peed.

Heard by SACKETT, P.J., and VOGEL and MAHAN, JJ.

VOGEL, Judge.

Kip Peed appeals a district court ruling of a statutory assignment of child support to the State contending it is an impermissible retroactive modification of the dissolution decree. Kip argues the State's attempt to seek retroactive payments to March 1995 is contrary to Iowa Code section 598.21(8) (1995) allowing retroactivity only to the date the notice of petition was filed. Because we find Iowa Code section 234.39(3) (1995) prevails over a decretal offset established for the convenience of the parties and no modification of support obligations has occurred, we affirm.

**Background facts.** A December 30, 1993, dissolution decree granted Kip physical care of the parties' son, Trevor, and granted Danele physical care of their daughter, Brianne. Kip was ordered to pay child support of $371.87 per month to Danele, and Danele was ordered to pay monthly child support in the amount of $141.87 to Kip for Trevor's care. Rather than having Danele issue a check to Kip for Trevor's support and Kip write a check back to Danele for Brianne's support, an offset was agreed upon. Kip would then simply pay the difference in the two child support calculations, $230.00. It was a logical method of simplifying cross support orders, approved by the district court. The offset continued to function well until Trevor was placed in foster care on March 10, 1995. He is expected to remain in foster care until he completes his high school education in May 1998.

As Kip was not required pursuant to the decree to pay support for Trevor, the State initiated a separate child support action against him. Kip's support obligation for Trevor during his foster care placement was set at $86.00 per week, and Kip was also ordered to pay accrued support. Kip cooperated in paying both amounts.

Rather than require Danele to pay a second child support obligation for Trevor, the State sought to enforce the statutory assignment of her decretal obligation. On May 13, 1997, the State moved to terminate the offset retroactive to March 1995 pursuant to Iowa Code section 234.39(3).

The district court directed Danele's support payments of $141.87 for Trevor to be paid over to the State—the custodian and caregiver of Trevor—during the foster care placement. Thus, the offset provision was terminated as long as Trevor would remain in foster care placement and continue to have child support paid on his behalf.

■ *Scope of review.* We review cases involving child support obligations de novo.

Iowa R.App. P. 4; *State ex rel. Nicholson v. Toftee,* 494 N.W.2d 694, 695 (Iowa 1993). We have a duty to examine the entire record and adjudicate anew rights on the issues properly presented. *In re Marriage of Steenhoek,* 305 N.W.2d 448, 452 (Iowa 1981).

■ *Retroactive modification of decree.* Kip contends that under Iowa Code section 598.21(8) (1995), a judgment for child support may be retroactively modified only from the date the notice of the pending petition is served on the opposing party. Kip argues the State's actions effectively modified the decree to March 1995. We do not agree.

Section 234.39(3) provides in relevant part: A person entitled to periodic support payments pursuant to an order or judgment entered in any action for support, who also is or has a child receiving foster care services, is deemed to have assigned to the department current and accruing support payments attributable to the child effective as of the date the child enters foster care placement, to the extent of expenditure of foster care funds.

Thus, under this code section, the State is entitled to receive current and accruing support payments for Trevor beginning with his placement in foster care in March of 1995. The assignment does not terminate until the date Trevor ceases to receive foster care services. *Id.*

We find section 234.39(3) prevails over the convenient payment method established for the parties in their dissolution decree. In *State ex rel. DHS v. Flo,* 477 N.W.2d 383 (Iowa 1991), our supreme court recognized that, in actions brought under the authority of Iowa Code section 252A.5(5) (1989) for reimbursement of public assistance expenditures from a responsible party, "the state is entitled to recover in its own right without regard to the terms of support orders affecting the rights and obligations of the parents *inter se.*" *Id.* (citing *State ex rel. Iowa Dep't of Social Servs. v. Barnes,* 379 N.W.2d 377, 379 (Iowa 1986)).

We find this principle to be equally applicable to actions brought under the provisions of section 239.39(3). As long as Kip was entitled to receive support for Trevor, the decretal offset operated as a simplified bookkeeping arrangement for the convenience of the parties. Had Trevor never entered foster care, there would have been no assignment of his support to the State, and the offset could have continued to operate as it had previously. However, upon placement of Trevor into foster care, the State acquired a legal right to seek enforcement of the child support, which by statute was automatically assigned to it. *See* Iowa Code § 234.39(3).

In general, the State will not interfere with an offset provision of a decree which creates a reciprocal support obligation for each child's care. However, when a child enters a foster care placement while still qualifying for support, the parent to whom the support obligation is owed is deemed to have assigned current and accruing support payments to the State pursuant to statutory mandate. Iowa Code § 234.39(3).

Moreover, contrary to Kip's assertions, the State did not modify the dissolution decree. The underlying support obligations originally set in the decree have not been modified. The only change is the method of accounting for the obligations through the offset. The obligations remain as they were initially calculated.

Therefore, the trial court correctly terminated the offset of child support obligations from the dissolution decree, effective upon the date Trevor entered foster care. Having carefully considered the arguments before us on appeal, we affirm the district court's ruling.

**AFFIRMED.**

MAHAN, J., concurs.

SACKETT, P.J., specially concurs without opinion.