# IN THE COURT OF APPEALS OF IOWA

No. 16-0387
Filed November 9, 2016

**STATE OF IOWA, ex rel.,**
**T.J.M., Minor Child,**
        Petitioner-Appellee,
**vs.**

**CHRISTOPHER J. PETERSON,**
        Respondent-Appellant,
**vs.**

**MANDY M. HEITHOFF,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Carroll County, Gary L. McMinnimee, Judge.

        A father appeals a district court order modifying his child support obligation. **AFFIRMED.**

        Martha A. Sibbel of Law Office of Martha Sibbel, P.L.C., Carroll, for appellant.

        Thomas J. Miller, Attorney General, and Jade C. Havermann, Assistant Attorney General, for appellee State.

        Aaron W. Ahrendsen of Eich, Van Dyke, Werden & Steger, P.C., Carroll, for appellee Heithoff.

        Considered by Danilson, C.J., and Mullins and Bower, JJ.

**BOWER, Judge.**

Christopher Peterson appeals a district court order modifying his child support obligation. We find the district court properly determined there should be no deduction for the amount Christopher pays for health insurance in calculating his child support obligation, based on the special circumstances of this case. We affirm the decision of the district court.

## I.      Background Facts & Proceedings

Christopher and Mandy Heithoff, formerly known as Mandy McNelly, are the parents of a child, T.J.M., born in 2008. Pursuant to administrative proceedings initiated by the Child Support Recovery Unit (CSRU), on February 26, 2009, Christopher was ordered to pay $131 per month in child support, obtain health insurance for the child, and pay sixty-six percent of uncovered medical expenses.

On January 23, 2015, the CSRU sought to increase Christopher's child support obligation to $476 per month, and Christopher requested a hearing pursuant to Iowa Code section 252C.4(1) (2015). Prior to the hearing, both Christopher and Mandy stated they wanted to be responsible to provide health insurance for the child. Christopher and Mandy's husband were both currently covering T.J.M. under their family health insurance coverage. The cost of either plan would not increase or decrease if T.J.M. was included or excluded.

The district court entered an order on January 27, 2016, finding Christopher's child support obligation should be increased to $421.74 per month. The court concluded Christopher should continue to provide health insurance for the child. In determining the amount of child support, the court did not deduct the

amount Christopher paid for family health insurance, finding Christopher had no additional cost to include the child on his health insurance policy. Christopher now appeals.

## II.     Standard of Review

When a person requests a hearing regarding a determination of support by the CSRU, the action in the district court is not subject to Iowa Code chapter 17A, but is "an original hearing before the district court." Iowa Code § 252C.4(6). Our review is de novo. *See State ex rel. Heidick v. Balch*, 533 N.W.2d 209, 211 (Iowa 1995). "Under such review our duty is to examine the entire record and adjudicate anew rights on issues properly presented." *Id.*

## III.    Health Insurance

Christopher claims the district court should have considered the amount of his health insurance premiums in calculating his child support obligation. The steps to calculate a parent's child support obligation are found in Iowa Court Rule 9.14(2). A court should determine a noncustodial parent's support obligation before health insurance, the cost of the health insurance premium for the child, and the court should add or deduct an amount from the noncustodial parent's support obligation, depending on whether the custodial or noncustodial parent is paying the health insurance premiums, to arrive at the noncustodial parent's child support obligation. Iowa Ct. R. 9.14(2).

The amount added or deducted must be a "reasonable cost." *Id.*; *see also* Iowa Code § 252E.1A(2). According to the chart found in rule 9.12(4), neither Christopher's nor Mandy's husband's health insurance was considered to be

available at a reasonable cost.[1]  *See* Iowa Ct. R. 9.12(2); *see also* Iowa Code

§ 252E.1A(2)(a)(1).  According to section 252E.1A(2)(a)(2), the cost of a health

benefit plan may still be considered to be reasonable if the "parent consents or

does not object to entry of that order."  Christopher and Mandy each requested to

carry T.J.M. on their family's health insurance, and their consent makes the costs

of the health insurance plans reasonable.  *See* Iowa Code § 252E.1A(2)(a)(2).

Although the cost for Christopher to cover the child under his health

insurance would be reasonable under section 252E.1A(2)(a)(2), the court did not

deduct the amount from Christopher's child support obligation in accordance with

rule 9.14(2).  Instead, the court determined there should be a variance from the

amount due under the guidelines.  Iowa Court Rule 9.11 provides:

> The court shall not vary from the amount of child support that
> would result from application of the guidelines without a written
> finding that the guidelines would be unjust or inappropriate as
> determined under the following criteria:
> (1)     Substantial injustice would result to the payor, payee,
> or child(ren).

The district court stated:

> Each party wants to be the party ordered to provide health
> insurance for T.J.M., presumably because of the way the guidelines
> treat court-ordered insurance.  Because both parties have
> healthcare plans available and each party is providing coverage for
> T.J.M. through their respective insurance, and because there would
> be no cost saving to either party by not including T.J.M., this court
> finds it would be unfair and unjust to require either party to
> subsidize the insurance cost of the other through the amount of
> child support ordered.  Accordingly, this court has assumed for

---

[1] Using the chart found in rule 9.12(4), the reasonable cost for Christopher to cover the child would be $111.76 per month.  If the cost to cover Christopher alone is subtracted from his family coverage, the result is $198.56 per month, and so the cost of the coverage is not considered to be reasonable.  *See* Iowa Ct. R. 9.12(2).  Using Mandy's income, the reasonable cost to cover the child would be $130.43 per month.  If we subtract the cost to cover her husband alone from the cost of his family coverage, the result, $192.18, is also more than the reasonable cost to cover the child.  *See id.*

purposes of the above-mentioned child support guidelines worksheet that each party is providing insurance for the child at no cost. This variance from the guidelines is necessary to do justice between the parties under the special circumstances of this case.

We agree with the district court's conclusion a variance from the amount due under the child support guidelines is appropriate in this case. If the amount Christopher pays for family coverage less the amount he would pay for single coverage, $198.56, is deducted from his child support obligation of $421.74, his child support obligation would be reduced to $223.18 per month. However, because Christopher is already covering other children under his family health insurance policy, his actual cost to include T.J.M. under his family policy, beyond what he would already be paying, is $0.[2] Under the special circumstances of this case, we conclude the district court properly varied from the amount that would be due under the child support guidelines. We affirm the decision of the district court requiring Christopher to pay child support of $421.74 per month.

On appeal, Christopher raises an issue based upon the Iowa Department of Human Services Employees' Manual. This issue is not addressed by the district court and we conclude it has not been preserved for our review. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002).

## IV.    Attorney Fees

Mandy seeks appellate attorney fees. This action was brought under chapter 252C.4. There is no provision for an award of attorney fees in chapter 252C. We do not generally award attorney fees where there is no statutory or

---

[2] Christopher disputes this finding of fact, but notwithstanding his cites to the record in both his brief and reply brief, we have been unable to confirm any error in this finding of fact.

contractual basis for such an award. *Miller v. Rohling*, 720 N.W.2d 562, 573 (Iowa 2006). We conclude there is no basis for an award of attorney fees in this appeal.

**AFFIRMED.**